THE PEOPLE, *ex rel.* Horace H. Read, *vs.* THE OVERSEERS
OF THE POOR OF THE TOWN OF TRIANGLE.

Where a warrant is issued by two justices of the peace, upon the application of
the overseers of the poor, for the seizure of the property of an absconding
husband and father, under the 8th section of the title of the revised statutes
relative to the relief and support of indigent persons, and such property is
seized thereon, and an inventory returned to the court of general sessions,
that court has no authority to confirm such warrant and seizure without an
inquiry into the facts and circumstances of the case.

It is not sufficient that the court is satisfied that a warrant has been issued by
two justices, and that the overseers have seized the property and made an
inventory thereof, and returned it to the court. An inquiry into the merits of
the case was intended, by the legislature.

The court should require the overseers to produce some evidence to establish
the case charged in the warrant, against the party whose property is seized,
and the case may be contested by such party.

CERTIORARI to the Broome county sessions, to remove an
order of that court confirming a warrant issued by two
justices of the peace, on the application of the overseers of the
poor of the town of Triangle, authorizing the said overseers to
take and seize the goods, chattels and effects of the relator, and
confirming a seizure made by the overseers, of the relator's
property, under and by virtue of said warrant. The warrant
was issued under the 8th section of the title of the revised
statutes relative to the relief and support of indigent persons.
(1 *R. S.* 613.)

*G. W. Hotchkiss*, for the overseers.

*J. McDonald*, for the relator.

*By the Court*, MASON, J. A just construction of the stat-
ute under which these proceedings were had, will not permit this
order of the Broome sessions to stand. The 8th section of the
act provides that when a father shall abscond from his children
or his wife, leaving any of them chargeable, or likely to become
chargeable, upon the public for their support, the overseers of
the poor of the town where such wife or children may be, may

The People *v.* The Overseers of the Poor of Triangle.

apply to any two justices of the peace of any county in which any estate, real or personal, of said father or husband may be situated, for a warrant to seize the same; and that upon due proof of the facts aforesaid, the said justices shall issue their warrant, authorizing the said overseers to take and seize the goods, chattels and effects, things in action and the lands and tenements of the person so absconding. (1 *R. S.* 615, § 8.) The 9th section authorizes the said overseers, by virtue of such warrant, to seize and take the said property wherever the same may be found, in the same county, and declares that they shall be vested with all the right and title to the said property which the person so absconding had at the time of his departure. And this section further declares that all sales and transfers of any personal property left in the county from which such person absconded, made by him after the issuing of such warrant, whether in payment of an antecedent debt, or for a new consideration, shall be absolutely void. This section also provides that the said overseers shall immediately make an inventory of the property so seized by them, and return the same, together with their proceedings, to the next court of general sessions of the peace of the county where such overseers reside, there to be filed. (1 *R. S.* 615, § 9.)

The 10th section, upon the construction of which the main question in this case depends, reads as follows: "The said court, upon inquiring into the facts and circumstances of the case, may confirm the said warrant and seizure, or may discharge the same; and if the same be confirmed, shall from time to time direct what part of the personal property shall be sold, and how much of the proceeds of such sale, and of the rents and profits of the real estate, if any, shall be applied towards the maintenance of the children or wife of the person so absconding." (1 *R. S.* 616, § 10.) In the case at bar, the counsel for the overseers of the poor produced before the court of sessions the warrant and inventory, and return of the overseers, and without producing further proof, moved for an order confirming the warrant and seizure. The counsel for Read moved that the proceedings be dismissed, on the ground that there was no

proof upon which said warrant could be confirmed. This mo-
tion was denied, and the court of sessions made an order there-
upon, confirming the said warrant and seizure, and ordering a
sale of the property, and that the avails be applied to the sup-
port of the wife and children. It seems to me that the duty
is imposed upon the court of sessions, before confirming the
warrant and seizure and directing a sale of the property, to
make some further inquiry into the facts and circumstances
than was done in this case. The only inquiry which the court
of sessions made, was to. ascertain the fact that a warrant had
been issued by the two justices, and that the overseers had
seized the property and made an inventory thereof, and re-
turned the same to the court. The proof upon which the war-
rant is issued by the justices remains with them, and is not
required to be returned to the court of sessions ; and it is very
clear, from the language of the 8th section, that the proof be-
fore the justices need not be in the form of affidavits. Oral
proof is a compliance with the statute ; and hence the evidence
upon which the warrant issues is not preserved, even by the
justices, and the only protection afforded to the citizen against
an unjust seizure and sale of his property under this statute is
that secured by the 10th section of the act. The court of ses-
sions is the first forum where really any investigation into the
case is secured to the party. It is true the warrant is not to
be issued without proof; but that proof is made ex parte, and no
record of what the proof is upon which the warrant issues being
required, it affords little protection to the party to say that it
must be issued on proof. If the legislature had intended that
the court of sessions should confirm the warrant and the seizure
of the property and order a sale, on the bare return of the war-
rant and inventory by the overseers with their return that they
had seized the property, they would probably have said so.
They have said, on the contrary, that upon inquiring into the
facts and circumstances of the case, the court may affirm the
warrant and seizure, or may discharge the same. It is only
upon inquiry into the facts and circumstances of the case, that
the court is authorized to confirm the warrant and seizure. The

The People *v.* The Overseers of the Poor of Triangle.

facts and circumstances of the case mean something more than the warrant and inventory, I apprehend. An inquiry into the facts and circumstances of the case, ordinarily, means an inquiry into the merits of the case; and in such a sense, I have no doubt, the legislature intended to use these terms in the statute under consideration. The court should have required the overseers to produce some evidence to establish the case charged in the warrant, against the party proceeded against, and such case the relator had a right to contest. Had there been any evidence produced before the court of sessions upon which the judicial mind could act, we could not interfere upon this common law certiorari, on the ground that we deemed it insufficient to justify the confirmation of the warrant and seizure. I am of opinion, for the reasons above stated, that the order of the court of sessions confirming the warrant and seizure and ordering a sale of the property, should be reversed, and the court of sessions be directed to make inquiry into the facts and circumstances of the case, and to confirm the warrant or discharge the same, as they shall find the case to be. There is nothing in the other objections raised by the relator. The overseers of the poor are authorized to institute these proceedings, in all the counties. Their jurisdiction is concurrent with that of the superintendents in those counties where all the poor are a charge upon the county, and in those towns which are required to support their own poor, their jurisdiction is exclusive. The costs in this suit must abide the event of the determination of the court of sessions.

[CHENANGO GENERAL TERM, October 21, 1856. *Shankland, Gray* and *Mason,* Justices.]