BIRD S. COLER, Commissioner of Public Welfare of the City of New York, Appellant, *v.* CORN EXCHANGE BANK, Respondent.

Supreme Court, Appellate Term, First Department, June 26, 1928.

Crimes — absconding parent — constitutional law — Code of Criminal Procedure, §§ 921–923, authorizing seizure of property of parent who absconds from children or wife, is constitutional — failure to provide for notice to parent does not violate State Constitution, art. 1, § 6, and Fourteenth Amendment of Federal Constitution — seizure of bank account of absconding parent is preliminary step to enforce State's hold on property within State — court, on hearing, may provide for notice to parent — depositor is not necessary party to this application.

Sections 921–923 of the Code of Criminal Procedure, which authorize the issuance of a warrant for the seizure of any real or personal property of a father, mother, husband or wife who absconds from the children, or a husband from his wife, or a wife from her husband, leaving any of them " chargeable or likely to become chargeable upon the public," are constitutional and valid, and the fact that

the statute does not provide for a notice to the absconding parent does not violate section 6 of article 1 of the State Constitution and the Fourteenth Amendment of the Federal Constitution.

Accordingly, the complaint in this action states a cause of action and should not be dismissed. After reciting that the father absconded, leaving his wife and infant child in danger of becoming public charges, it alleges that a warrant of seizure was issued by two city magistrates of the city of New York, pursuant to the provisions of sections 921–923 of the Code of Criminal Procedure, directing the plaintiff to seize a sum of money on deposit to the father's credit with the defendant, but that defendant refused to honor the warrant.

The seizure of the bank account of the parent was merely a preliminary step to enforce the State's hold on his property within the State, for the court on a hearing has the power to provide that the parent be given a notice of the proceeding.

Furthermore, the parent is not a necessary party on this application.

CRAIN, J., dissents, with memorandum.

APPEAL by plaintiff from a judgment of the City Court, county of New York, dismissing the complaint.

*George P. Nicholson, Corporation Counsel [Joseph I. Berry, Martin H. Murphy* and *William E. Fay* of counsel], for the appellant.

*Laughlin, Gerard, Bowers & Halpin [Henry M. Carpenter* of counsel], for the respondent.

BIJUR, J. This action was instituted by plaintiff in conformity with a suggestion contained in an unreported decision of Mr. Justice O'GORMAN (N. Y. L. J. Jan. 22, 1904) to make effective the provisions of sections 921, 922 and 923 of the Code of Criminal Procedure, which so far as material read as follows:

" § 921. Parents leaving their children chargeable to the public, how proceeded against.

" a. When the father, or the mother, absconds from the children, or a husband from his wife, or a wife from her husband, leaving any of them, chargeable or likely to become chargeable upon the public, the officers mentioned in section nine hundred and fourteen may apply to any two justices of the peace or police justices in the county in which any real or personal property of the father, mother, husband or wife is situated, for a warrant to seize the same. Upon due proof of facts, the magistrate must issue his warrant, authorizing the officers so applying to take and seize the property of the person so absconding."

" § 922. Seizure of their property; transfer thereof when void.

" The officers so applying may seize and take the property, wherever it may be found in the same county; and are vested with all the right and title thereto, which the person absconding then had. The sale or transfer of any personal property left in the county from which he absconded, made after the issuing of the warrant, whether in payment of an antecedent debt or for a new

consideration, is absolutely void. The officers must immediately make an inventory of the property seized by them, and return it, together with their proceedings, to the next county court of the county where they reside, there to be filed."

"§ 923. Warrant and seizure, when confirmed or discharged; direction of the court thereon.

"The court, upon inquiring into the circumstances of the case, may confirm or discharge the warrant and seizure; and if it be confirmed, must, from time to time, direct what part of the personal property must be sold, and how much of the proceeds of the sale, and of the rents and profits of the real property, if any, are to be applied towards the maintenance of the children or spouse of the person absconding."

The chief point urged by the respondent is that the statute is unconstitutional because it deprives the absconding party of his property without due process of law, namely, without notice, actual or constructive, and is, therefore, violative of section 6 of article I of the Constitution of this State and of the Fourteenth Amendment of the Federal Constitution.

The complaint recites that one Stefano had absconded leaving his wife and infant child in danger of becoming public charges; that a warrant of seizure was issued on or about September 21, 1923, by two city magistrates, directing plaintiff to seize all the right, title and interest of the absconder to the sum of $2,030 deposited to his credit with the defendant; that the warrant was served on or about September 22, 1926, upon the defendant which had refused to honor it, whereupon judgment for the amount of the deposit was sought.

The history of these statutes dates back to an act of Parliament (5 Geo. I, chap. 8 [Vol. 14, p. 18; 1718]) applicable to these colonies. It was re-enacted in substantially the same form by the Colonial Legislature on March 8, 1773. The State Legislature passed the equivalent statute on April 17, 1784, and again as chapter 62 of the Laws of 1788. It was repeated in the Revised Statutes, part I, chapter 20, title I, sections 8–11. It has been the subject of judicial approval in *People ex rel. Read* v. *Overseers, etc.* (23 Barb. 236 [1856]); *Downing* v. *Rugar* (21 Wend. 178 [1839]), and is referred to in *Goodman* v. *Alexander* (165 N. Y. 289 [1901]). During this prolonged period no question concerning its constitutionality seems to have been raised.

Statutes of this character, ante-dating the adoption of any and all American Constitutions or indeed the establishment of our Republic, but providing remedies or procedure in harmony with the requirements and limitations of the then existing common law,

are not to be held unconstitutional merely because they do not conform to the interpretation of constitutional limitations as applied to legislation subsequently enacted. (*Murray's Lessee* v. *Hoboken Land & Improvement Co.*, 18 How. [U. S.] 272; *Hurtado* v. *California*, 110 U. S. 516. See, also, *Biddles, Inc.*, v. *Enright*, 239 N. Y. 354, 361.) I find, however, in this legislation an element which may account for the fact that its possible unconstitutionality did not suggest itself to our courts in the past, namely this, that it does not embody provisions covering private litigation, nor prescribe a practice for litigation in its ordinary sense at all. It may well be regarded as a regulation for the exercise of the police power of the State. This is intimated in *Goodman* v. *Alexander* (*supra*), where the Court of Appeals per PARKER, Ch. J., describes it as follows: " Section 921 of the Code of Criminal Procedure in substance provides that if a father, a widowed mother, or a mother living apart from her husband absconds, leaving children a charge on the public, *his or her property is liable* for the support of such children." The very language of the statute referring to the absconding of the head of a family leaving his dependents " chargeable or likely to become chargeable upon the public," indicates that the Legislature contemplated an emergency more critical from the human standpoint in many respects than fire, epidemic, flood and similar emergencies, with which the State is justified in dealing ministerially, not on the theory of eminent domain, where due compensation is the constitutional corrective, but on the doctrine of *Salus rei-publicae suprema lex*. (*Stone* v. *Mayor & Aldermen, etc.*, 25 Wend. 157; *American Print Works* v. *Lawrence*, 23 N. J. Law [3 Zab.], 590, 607; 21 N. J. Law [1 Zab.], 248, and cases there cited.) It seems also that it would not be justifiable to declare this act essentially unconstitutional for failure to provide notice to the absconder, because the provision for seizure is a preliminary step to enforce the State's hold upon property within its jurisdiction (*Matthews* v. *Matthews*, 240 N. Y. 28; *Miller* v. *Lautenburg*, 239 id. 132) and it may well be assumed that when the matter comes on to be heard before the County Court the latter will follow the suggestion of the Supreme Court of the United States in *Guthrie National Bank* v. *Guthrie* (173 U. S. 528, 539): " Although the act makes no provision for notice to the parties interested as to the time or manner in which the district court will proceed to investigate the character of the claims, yet in the absence of any such provision the court having the duty to investigate would have power to regulate the time of the hearing and provide for reasonable notice by its rules, so as to prevent surprise." Moreover, in a proceeding *in rem* or *quasi in rem*, particularly

where the owner has absented himself from the jurisdiction, and the State is undertaking to perform his duties to his dependents and the public, I should be reluctant to hold that the bare formalism of publishing a notice in an obscure journal, or some similar futile expedient, would be required to instill legality into the proceeding. Surely the seizure of property found within our jurisdiction is, in itself, a far more promising and efficient form of notice. (See *Miller* v. *Lautenburg, supra,* 137; *Pennoyer* v. *Neff,* 95 U. S. 714.)

These considerations lead naturally also to the question whether the present defendant in this proceeding, which has for its purpose the mere seizure of the depositor's account, has such an interest in the statute governing the further proceedings as under familiar principles would entitle it to raise the question of the constitutionality of the entire enactment. (*Matter of Keeney,* 194 N. Y. 281. See *Shaw* v. *Board of Drainage Comrs.,* 160 Ky. 422, 432; *Roberts & Schaefer Co.* v. *Emmerson,* 271 U. S. 50.) The further point made by the respondent in connection with the unconstitutionality of the act, that the " vesting " in plaintiff of title upon seizure is in itself unconstitutional, is answered adversely by the provision that upon the trial the court " may confirm or discharge the warrant and seizure; " in other words, the seizure is a mere preliminary remedy. Respondent's objection that the depositor is a necessary party to this action manifestly falls, if the reasoning as to the constitutionality of the act be correct.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff for the amount claimed in the complaint.

BIJUR and LEVY, JJ., concur.

CRAIN, J. (dissenting). I dissent on the ground that the statute (Code Crim. Proc. §§ 921–925) authorizes the seizure of *tangible* property only and confers no power to attach or otherwise collect a debt. The defendant was not possessed of any property of Raffaele De Stefano. The relation between it and De Stefano was merely that of debtor and creditor. The judgment dismissing the complaint should be affirmed, with costs.