In the Matter of the Estate of ELIZABETH SCHACH, Deceased.

Surrogate's Court, Kings County, January 13, 1932.

*Francis J. Sullivan,* special guardian.

*Loretta Schultheis,* petitioner in person.

*Arthur J. W. Hilly,* Corporation Counsel.

WINGATE, S. This is an application by the administratrix of a deceased executor for the settlement of his accounts. The testatrix died on January 16, 1929, her will being admitted to probate

in this court on the sixth of the following May. By its first item she gave all moneys in specified banks to her daughter, Minnie, and her sons, Henry and George Schultheis, in equal shares. The only undistributed asset of the estate at this time is the portion of this legacy given to George. This amounts to $993.72 plus interest, and is now on deposit in the Brooklyn Trust Company.

George Schultheis married his present wife, Mae, in 1913, the only issue being a son, John, who is now a minor. In the early part of 1923 family troubles developed between George and his wife, and on January eleventh of that year a summons was issued against him in the Family Court. He pleaded guilty and was placed on probation and ordered to pay seven dollars each week for the support of his family. So far as the record discloses, he has never been seen by any member of his family or his former associates since his departure from the court room on that occasion. Diligent inquiry and search for him have been made without result. In the following March his probation was revoked by the Family Court and an order for his arrest issued. This remains unexecuted. On June 25, 1929, a warrant of seizure was issued by two magistrates of the city of New York pursuant to sections 921 to 925 of the Code of Criminal Procedure, directing the commissioner of public welfare of the city of New York to take into his possession the amount due George Schultheis under the· provisions of his mother's will. This warrant was duly served on the executor on July 1, 1929.

The citation in connection with the present judicial settlement was duly served upon the absentee by publication, pursuant to order of this court, but he has not appeared other than by the special guardian appointed to protect his interests.

The provisions of the Code of Criminal Procedure pursuant to which the warrant of seizure was issued against him, are summarized in the opinion of Chief Judge CARDOZO in *Coler* v. *Corn Exchange Bank* (250 N. Y. 136, at p. 139) as follows: " These sections provide in substance that the Commissioner of Public Welfare may apply to two magistrates for a warrant to seize the property of an absconding husband or father leaving wife or child likely to become charges on the public; that upon due proof of the facts, the warrant may be issued; that the officer receiving it may seize the property wherever found within his county, and shall be vested with all the rights and title thereto which the person absconding then had; that return of all proceedings under the warrant shall be made to the next term of the County Court; that thereupon that court, upon inquiring into the circumstances of the case, may confirm or discharge the warrant and seizure; that in the event of

confirmation the court shall from time to time direct what part of the property shall be sold, and how the proceeds shall be applied to the maintenance of spouse or children; and on the other hand that if the party against whom the warrant has issued shall return and support the spouse or children so abandoned, or give satisfactory security for such support, then the warrant shall be discharged, and the property restored."

The constitutionality of this statute was affirmatively determined in the *Coler Case (supra)*, the various opinions being reported in 132 Misc. 449; 250 N. Y. 136, and 280 U. S. 218. Even in the absence of such determination, however, it is obvious that the issuance and service of the warrant of seizure would require a determination by this court directing the payment of this fund to the commissioner of public welfare. So far as this court is concerned, its judgment in directing distribution of the assets in the hands of its fiduciary is one *in rem.* Since this *rem* is in the custody of the court and notice of the proceeding which will result in its disposal has been given to the legatee as required by statute, a valid adjudication in respect thereto can be had. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Haddock* v. *Haddock*, 201 id. 562, 569; *Matter of Bennett*, 135 Misc. 486, 492.) The sole theory on which a different disposition might be attained would be that George Schultheis had died prior to the arrival of the time when the accruals of the allowance directed to be paid for maintenance of his family amounted to a sum sufficient to wipe out the legacy. If such a contingency occurred, it is of course obvious that since upon his death the direction of the Family Court would, as to any future installments, become ineffective, any overplus in the amount of the legacy after deducting the total of the sums unpaid to the date of his death would pass to his estate. The ultimate destination of the money under the two sets of circumstances would not materially differ. If the entire sum is paid over to the commissioner of public welfare, it will be applicable for solution of the unpaid installments of allowance awarded by the Family Court, and will thus beneficially accrue to the abandoned wife and child. If any portion passed to the estate of George, it would, in the absence of a will, be payable, one-third to the widow and two-thirds to the child. No suggestion has been made by any party that a " presumption " of death is to be invoked on the demonstrated facts, and the mere showing of his disappearance immediately succeeding the court hearing is not of itself, in spite of the considerable lapse of intervening time, sufficient upon which to base such an inference. (*Matter of Katz*, 135 Misc. 861, 869 *et seq.*, and cases cited; *Town of Van Buren* v. *City of Syracuse*, 72 id. 463, 467.)

It is, therefore, determined that the sums remaining in the hands of the administratrix for the account of this estate shall be paid over to the commissioner of public welfare pursuant to the warrant of seizure of June 25, 1929.

No objections are interposed to the accounts as rendered and they are, therefore, approved.

Proceed accordingly.