SADYE GREENBERG, Plaintiff, *v.* JOHN P. O'BRIEN and Others, Defendants.*

Supreme Court, New York County, December 20, 1933.

*M. Bernard Greenberg* [*Leon Kellman* on brief], for the plaintiff.

*Arthur J. W. Hilly, Corporation Counsel* [*William E. C. Mayer* and *Vincent Victory* of counsel], for the defendants.

COHN, J. This is a taxpayer's action brought under section 51 of the General Municipal Law to enjoin the board of estimate and apportionment of the city of New York and the city itself from granting certain proposed bus franchises to four corporations and from taking any further action in relation to such proposed franchises. An injunction is sought granting similar injunctive relief to the plaintiff *pendente lite.* In the complaint and in the affidavits

* Affd., 240 App. Div. 970.

supporting the application for preliminary injunctive relief it is alleged that the franchise contracts if voted will be illegal; that the procedure thus far had by the city authorities is in violation of the provisions of section 74 of the Greater New York Charter; that the proposed action of the defendants is founded upon improper motives and will result in a waste of city funds. The defendants in affidavits submitted in opposition to the motion for an injunction deny all these allegations and set forth that all preliminary steps so far as they have been taken are in strict compliance with law. As to the plaintiff's attack upon the proposed franchises, based upon the ground of bad faith, it is sufficient to point out that the action of the board of estimate and apportionment, the legislative body, may not be attacked for fraud and bad motives. (*Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377; *Blanshard* v. *City of New York*, 262 id. 5; *Barhite* v. *Home Telephone Co.*, 50 App. Div. 25, 28.)

As the franchises have not yet been voted, the defendants make the objection that the action is premature, basing their contention upon the principle that a court of equity will not in advance enjoin a municipal body from taking legislative action.

The law is well grounded that " in the exercise of its franchise-granting power the board of estimate and apportionment and the members thereof act in a legislative capacity." (*Matter of McEneny* v. *McKee*, 236 App. Div. 140; affd., 262 N. Y. 494; *Blanshard* v. *City of N. Y.*, *supra*, at p. 13; *Kittinger* v. *Buffalo T. Co.*, *supra*, at p. 389; *Matter of Richmond Rys., Inc.*, v. *Gilchrist*, 225 App. Div. 371, 374; *Gas & Electric S. Co.* v. *Manhattan & Queens Trac. Corp.*, 266 Fed. 625, 635, 636.)

According to the weight of authority a court of equity will refrain from issuing an injunction against legislative action by a municipal corporation, even though the proposed legislation may be void or *ultra vires*. (*Gas Electric S. Co.* v. *Manhattan & Queens Trac. Corp.*, *supra; New Orleans Water Works* v. *New Orleans*, 164 U. S. 471, 481; *Barhite* v. *Home Telephone Co.*, 50 App. Div. 26, 28; 4 Pom. Eq. Juris. §§ 1762, 1763; 2 High Injunc. [4th ed.] § 1243, p. 1250.)

In *Gas & Electric S. Co.* v. *Manhattan & Queens Trac. Corp.* (*supra*) the Circuit Court of Appeals in an able opinion by Judge ROGERS reversed an order which enjoined the board of estimate and apportionment of the city of New York from passing a resolution forfeiting or affecting the franchise of the Manhattan and Queens Traction Corporation for the alleged failure of said corporation to comply with the terms of the franchise contract. The court in stating the law said (at p. 635): " In granting a franchise to occupy the streets, the board is acting in a purely governmental capacity.

It certainly cannot be said to be acting in any private or proprietary capacity. In passing the resolution declaring the grant at an end, it equally acts in a governmental capacity, as the agent of the State, and for the promotion of the public good. (*Edson* v. *Olathe*, 81 Kan. 328, 331; 105 Pac. 521; 36 L. R. A. [N. S.] 861.) The general rule is that a court of equity will not issue an injunction to restrain a municipal corporation from the exercise of legislative or governmental power, even though the contemplated action may be in disregard of constitutional restraints and may impair the obligation of a contract. (*New Orleans Water Works Co.* v. *New Orleans*, 164 U. S. 471; 17 Sup. Ct. 161; 41 L. Ed. 518; Dillon's Municipal Corporations [5th ed.], vol. 2, § 582; McQuillin's Municipal Corporations, vol. 5, § 2503, and vol. 1, § 705.) "

In *New Orleans Water Works Co.* v. *New Orleans* (*supra*) the United States Supreme Court enunciated the same principle in the following language (at p. 481): " If it be said that a final decree against the city enjoining it from making such grants in the future, will control the future action of the city council of New Orleans, and will, therefore, tend to protect the plaintiff in its rights, our answer is that a court of equity cannot properly interfere with, or in advance restrain, the discretion of a municipal body while it is in the exercise of powers that are legislative in their character. * * * *The passage of ordinances by such bodies are legislative acts which a court of equity will not enjoin* (*Chicago* v. *Evans*, 24 Ill. 52, 57; *Des Moines Gas Co.* v. *Des Moines*, 44 Iowa, 505; 1 Dillon on Mun. Corp. § 308, and notes; 2 High on Injunctions, § 1246). *If an ordinance be passed and is invalid, the jurisdiction of the courts may then be invoked for the protection of private rights that may be violated by its enforcement* (*Page's case*, 34 Maryland, 558, 564; *Baltimore* v. *Radecke*, 49 Maryland, 217, 231)." (Italics ours.)

The case of *People ex rel. Negus* v. *Dwyer* (90 N. Y. 402), cited by the plaintiff, is distinguishable in that the Court of Appeals was there concerned not with the propriety of the injunction but solely with the question whether the court which issued it had jurisdiction to do so. The issue to be determined was whether the defendant was guilty of contempt for violating the injunction. What the court said, at page 409, plainly indicates that it did not consider or decide whether the injunction was properly granted, but solely whether there was power to issue it.

The proposed franchises are still in the making. The board of estimate and apportionment is still engaged in considerations pertaining to the exercise of its legislative powers. If, as the plaintiff asserts, the board is proposing to grant the franchises in question without conforming to the requirements of section 74 of the Greater

New York Charter, she may obtain complete and adequate relief after the granting of the franchises in an action to enjoin the performance of the franchise contracts. (*Blanshard* v. *City of N. Y., supra.*)

Though the franchises be voted by the board of estimate and apportionment, the bus lines may not operate under them unless the Transit Commission thereafter grants a certificate of public convenience and necessity. By section 66 of the Transportation Corporations Law (as amd. by Laws of 1926, chap. 762) the consent of the city authorities is a prerequisite to the issuance of such certificate. (*Matter of Richmond Rys., Inc.,* v. *Gilchrist, supra.*) Consent of local authorities means *legal* consent. (*Matter of City of Long Beach* v. *Public Service Commission,* 249 N. Y. 480, 486.) Legal consent implies complete compliance by the defendants with all statutory requirements. (*Blanshard* v. *City of N. Y., supra,* at p. 11.) The propriety of the determination of the Transit Commission of the State of New York in granting a certificate of public convenience and necessity to operate these bus routes, assuming that such action be taken, may be brought up for review by an order of certiorari. (*Matter of City of Long Beach* v. *Public Service Commission, supra; Matter of Richmond Rys., Inc.,* v. *Gilchrist, supra.*)

Ample remedies are thus open to the plaintiff to test out the legality and the validity of the action of the board of estimate and apportionment if and when the grants are voted. However, injunctive relief may not in this case be had in advance of final action by the defendants.

The motion for a temporary injunction is denied on the ground that the action is prematurely brought. For the same reason the motion to dismiss the complaint for insufficiency is granted, but without prejudice to the institution of a new action in the event that the board of estimate and apportionment shall grant the proposed franchises.