In the Matter of the Estate of ANNIE LICHTBLAU, Deceased.

Surrogate's Court, Bronx County, May 2, 1934.

*Bushel & Gottlieb* [*Cornelius B. Chapman* of counsel], for the administrators.

*Paul Windels, Corporation Counsel* [*J. G. L. Molloy* and *Sol Cooperman* of counsel], for the Commissioner of Public Welfare.

*Alfred C. Bennett,* for the Superintendent of Insurance, as liquidator of Lloyds Insurance Company of America.

*Schulz & Williamson,* for the general guardian of Newton Lichtblau, infant.

HENDERSON, S. The proposed decree settling the account of the administrators directs payment of $1,244.42 to Harry Lichtblau as the balance of his distributive share in this estate, and provides for the retention of $922.22 by the three administrators as their aggregate commissions. Harry Lichtblau is one of the administrators.

The commissioner of public welfare of the city of New York objects to the grant and entry of such decree and demands that the decree herein direct that the interest of the said Harry Lichtblau in and to said estate be paid to him by virtue of a warrant of seizure which he had obtained on August 29, 1933, from two city magistrates under the provisions of subdivision (a) of section 921 of the Code of Criminal Procedure, authorizing him " to seize all the right, title and interest of Harry Lichtblau, to wit: one-fifth interest in the sum of over $10,000 still remaining in the estate of his mother * * * who * * * left an estate to which the said Harry Lichtblau is entitled to one-fifth thereof."

A certified copy of the warrant was served upon one of the administrators on October 11, 1933, and a certified copy thereof was also filed, with proof of such service, in this proceeding on October 17, 1933. The warrant is valid on its face and recites that it was based upon due proof " that Harry Lichtblau * * * abandoned his wife and minor child in the City of New York, leaving them without adequate support and in danger of becoming burdens upon the public and absconded."

The attorneys for the administrators contend that before the commissioner can seize any property under the provisions of the statute (Code Crim. Proc. §§ 921–925), " the property sought to be seized must first be reduced to judgment by an action at law;" that he must " first commence a law action to reduce the moneys that will accrue to said Harry Lichtblau to the possession of the said commissioner." In support of their contention they cite two decisions: *Coler* v. *Corn Exchange Bank* (250 N. Y. 136; affd., 280 U. S. 218) and *Rosenberg* v. *Rosenberg* (259 N. Y. 338).

In the first case the property seized was an alleged debt due the absconding husband by reason of funds deposited to his credit with the defendant bank which refused to pay after demand and service of the warrant. The second case concerned a motion made by the receiver in a matrimonial sequestration proceeding for an order directing a life insurance company to pay him the cash surrender or loan values of paid up policies on the husband's life whereunder the latter's daughters were the beneficiaries. The company disclaimed its liability upon the policies and questions of debt, and denied that any sum was due the husband thereunder

and that there was any cash or surrender values thereto. The court there said with reference to sections 1171 and 1171-a of the Civil Practice Act, under which the order was sought: "However broadly these sections may be interpreted, they are at least limited to property which, beyond any reasonable question, belongs to the husband. Nothing in these provisions authorizes the court, upon affidavits, to determine the title to the property or permits the collection of disputed debts by summary proceedings. It may authorize or even direct the husband's debtor to pay the amount due to the receiver, but it has no authority by such a method to adjudge the validity or the amount of an alleged debt, when the alleged debtor denies all liability" (p. 342).

There is no question of debt in the proceeding before me. There is no dispute as to Harry Lichtblau's right to, and interest in, his distributive share as a son of the decedent, nor as to the amount thereof. Even if there were such a dispute, the matter before me is *in rem* for the distribution of assets in the hands of administrators appointed by this court, a valid adjudication can be had in respect thereto concerning the equitable and legal rights therein of the said Harry Lichtblau who is one of the petitioners in this proceeding and a party thereto (*Matter of Schach*, 142 Misc. 436) and there would be no more necessity for the commissioner to litigate his demand in some other action or proceeding than there is for decedent's creditors or distributees to do so.

The successful assertion in this proceeding of the commissioner's rights under the warrant is sufficient, without any other litigation on his part, to obtain a decretal direction reducing to his possession all the moneys that the decree would otherwise direct to be paid to Harry Lichtblau.

Harry Lichtblau took no step with reference to the warrant, although a certified copy thereof was served upon one of his co-administrators, until after the commissioner had served and filed his objections to the proposed decree. Thereafter, on March 9, 1934, the attorneys for the administrators submitted Harry Lichtblau's affidavit, verified March 8, 1934, but without proof of service upon any one. They later submitted proof that copies were served on the corporation counsel and other attorneys on March 23, 1934. I have considered it in the nature of a supplemental brief. If it were sufficient, I would treat it as a reply to the commissioner's demand and direct a hearing upon the issue of jurisdiction raised thereby, which I believe this court is empowered to determine in its discretion. (*Coler* v. *Corn Exchange Bank*, *supra*, 144.)

His affidavit admits the parenthood but alleges that "my wife

* * * was never legally married to me, and is not entitled to any redress that the laws of this state afford to a ' legal ' wife," because her husband by a prior marriage in Poland is still living and such marriage was never dissolved or annulled by any decree. He also alleges that he depends " upon the moneys due me as administrator and heir at law for the continuance of said medical care and attention " because he " is ill and suffering from heart disease " and his unnamed physicians have warned him that if he does not receive such medical care and attention he " will come to an abrupt and untimely end." He does not deny the charge that he absconded, but alleges that " I at no time left the jurisdiction of the Family Court, and from the time of my marriage have resided and still reside in the City of New York," and that " I am ready and willing to support my child, and always have been willing to do so." His affidavit makes no other reference to his specific residence or whereabouts. His allegations concerning the illegality of his marriage are denied by an affidavit of the wife, verified March 30, 1934, who also alleges that a bench warrant issued against him by the Family Court in 1928 is still in full force and effect by renewals because efforts to locate his whereabouts have been unsuccessful.

The Legislature has also granted jurisdiction over the subject-matter to another court (Code Crim. Proc. §§ 921–925), and shortly after the date of the decision in the *Coler* case provided for giving notice of the statutory inquiry to the alleged absconder. (Code Crim. Proc. § 922-a; Laws of 1930, chap. 367.)

The warrant is also based upon his desertion of his minor child in circumstances under which the latter may become a public charge, which he has not denied in this proceeding. This fact alone is sufficient for a valid seizure. (Code Crim. Proc. § 921.) The property seizable, however, is limited by the express language of the warrant to Harry Lichtblau's distributive share in the estate, and I cannot, therefore, make the requested direction as to his share of the commissions.

The distributive share of Harry Lichtblau in the balance remaining in the hands of the administrators is directed to be paid to the commissioner of public welfare of the city of New York pursuant to the said warrant of seizure (*Coler* v. *Corn Exchange Bank, supra; Matter of Schach, supra*), without prejudice, however, to any attack upon or opposition to such warrant which Harry Lichtblau may be advised to make.

Resettle decree accordingly.