In the Matter of MARY V. MURRAY et al., Petitioners, against FIORELLO H. LAGUARDIA, as Mayor of the City of New York, et al., Respondents.[*]

Supreme Court, Special Term, New York County, June 2, 1943.

[*] See, also, *Matter of Goldstein* v. *La Guardia*, 180 Misc. 738.— [REP.

*Menahem Stim* for petitioners.

*Robert H. Schaffer, Acting Corporation Counsel,* for Board of Estimate of the City of New York and another, respondents.

*Frederic G. Dunham* for Metropolitan Life Insurance Company and another, respondents.

SCHREIBER, J. In this proceeding under article 78 of the Civil Practice Act petitioners object to and seek injunctive relief with regard to a proposed contract made pursuant to an enabling statute (Redevelopment Companies Law; L. 1943, ch. 234) between the City of New York and Stuyvesant Town Corporation, a "Redevelopment" company organized by the Metropolitan Life Insurance Company, whereby the area between 14th and 20th Streets and First Avenue and Avenue C, Manhattan, is to be cleared and rehabilitated.

Petitioners are property owners in the area and contend that the enabling act is unconstitutional in that, among other grounds, it is not wholly for a public purpose but also permits private gain; that even if constitutional, there is a failure of compliance therewith and that the finding of the City Planning Commission

that the area is substandard and insanitary is arbitrary, capricious and contrary to fact.

To attract private capital to the solution of the problems of reconstruction of urban housing areas and in necessary amplification of public housing projects, the State Constitution was amended in 1938 (article XVIII) permitting the Legislature to grant extraordinary powers in aid of such purpose. Specifically a corporation, such as respondent Stuyvesant Town Corporation, "regulated by law as to rents, profits, dividends and disposition of its property or franchises and engaged in providing housing facilities", was included within the scope of the legislative grant (§ 2). The object and purpose of the constitutional amendment was not limited to low-rent housing for persons of low income but also in the disjunctive for reconstruction and rehabilitation of substandard areas.

The said enabling act, in effect March 30, 1943, was followed by the prompt organization of the redevelopment company. An elaborate plan was prepared by respondents for the demolition of the existing structures in the area and the construction of a huge housing project of some thirty-five buildings housing 24,000 people and containing some 32,000 rooms. As required by that statute, this building plan was approved by the City Planning Commission (§ 15) and by the Superintendent of Insurance (Insurance Law, § 84) and based on said plan the proposed contract is scheduled to come before the respondents, composing the Board of Estimate of the City of New York, on June 3, 1943, for final disposition.

The real but fruitless quarrel of the petitioners would appear to be with the constitutional amendment and not with the enabling act, for I find that the latter is a careful and detailed effort to meet in every way and conforms with the purpose and intent of the constitutional amendment. Nor are the petitioners' rights under the Federal Constitution invaded. That some possibility of private gain exists or that the act grants tax exemption does not destroy the character of the statute under attack as primarily for a public purpose (*Pocantico Water Works Co.* v. *Bird*, 130 N. Y. 249; *Oneonta Light & Power Co.* v. *Schwarzenbach*, 164 App. Div. 548, affd. 219 N. Y. 588); and the power of eminent domain, as here extended, has been held proper prior to this constitutional amendment (*Matter of New York City Housing Authority* v. *Muller*, 270 N. Y. 333).

That the public interest will be served herein is self-evident and requires no extensive demonstration. Ample safeguards in the statute make it certain that no abuse can arise in behalf

of private interests and such projects so protected will always be public in their character and purpose. In such circumstances the public weal should not be thwarted by the inevitable objections of a few. The power of a municipality thus buttressed by constitution and statute to plan in an enlightened manner to beautify and reconstruct the city in circumstances such as at bar must be held akin to the police power and as such is here properly exercised. (*Coler* v. *Corn Exchange Bank,* 132 Misc. 449, affd. 250 N. Y. 136, affd. *sub nom. Corn Exch. Bank* v. *Commissioner,* 280 U. S. 218.)

The contention made by the petitioners that the Board of Estimate is without legal authority to pass on the plan and proposed contract since the council is the "local legislative body" in which such authority is vested by the statute (§ 15, subd. 2) is untenable, for the statute, in express terms, defines " local legislative body " as " only " a board of estimate in a city where there is such a body (§ 3, subd. 7).

There remains to consider whether an issue of fact exists as to the physical condition of the area in question sufficient to require a trial thereof. I find that the overwhelming proof is that the City Planning Commission was neither arbitrary nor capricious herein, but, on the contrary, performed its duty with an intimate and detailed knowledge of the city's best interests after public hearings. The findings of that authority, charged by law with the duty of making such decisions, will not be disturbed by this court in the absence of clear and convincing proof of arbitrary and capricious conduct.

The petitioners have failed utterly to present such proofs and in fact contend essentially not that the rehabilitation of the area will not be beneficial to the public but that they may personally suffer inconvenience and financial loss. This does not warrant disturbance by the court of the findings of the Commission.

Some features of the contract are said to and may indeed be unwise, but the court can only be concerned with the legality of the legislation and not its wisdom.

The application is in all respects denied and the cross motion to dismiss the petition is granted.

The motion to amend the title of the proceeding is granted. No costs. Settle order.