In the Matter of Julius L. Goldstein, Petitioner, against Fiorello H. LaGuardia, as Mayor of the City of New York, et al., Respondents.*

Supreme Court, Special Term, New York County, June 24, 1943.

---

* See, also, *Matter of Murray* v. *LaGuardia*, 180 Misc. 760.

*Julius L. Goldstein* for petitioner.

*Robert H. Schaffer, Acting Corporation Counsel,* for respondents.

EDER, J. This is a proceeding under article 78 of the Civil Practice Act, to enjoin the execution and delivery of a contract relating to a slum-clearance and redevelopment project entered into between the City of New York and Stuyvesant Town Corporation and Metropolitan Life Insurance Company. It concerns the acquisition of real property for, and the financing, operation and supervision of, the project, authorized by the Redevelopment Companies Law (L. 1943, ch. 234), which has been referred to as the Hampton Act.

This contract is regarded by the petitioner as constituting in law a " franchise " and it is the entertainment of this view that forms the foundation of this proceeding. In sum and substance if the transaction involved a contract under the Redevelopment Companies Law as distinguished from the granting or award of a franchise under chapter 14 of the New York City Charter (1938) dealing with " Franchises," the petitioner's whole ground of complaint and cause of action falls. There is also a cross motion to dismiss the petition upon the ground that it fails to set forth a cause of action.

By the provisions of the State enactment where a slum-clearance project as therein permitted is proposed the plan therefor or plan of a project must be submitted to the planning commission for approval and, if the planning commission issues a certificate of unqualified approval of such plan or plan of a project, thereupon approval is required by the local legislative body (here the Board of Estimate [L. 1943, ch. 234, § 3, subd. 7]) which may be by resolution adopted by a majority of the whole number of votes cast by all of the members thereof (§ 15).

In carrying out the project the condemnation of the land required for such project is authorized. This will necessitate the closing of streets within such area, thus terminating their use, and the City will convey such land to the Stuyvesant Town Corporation in return for land owned by it which the City will then use for new streets. This is authorized by said enactment.

The petitioner argues that in thus taking over the streets and the use thereof by the redevelopment company the City is in nature and legal effect granting a franchise to it and that under the provisions of section 372 of the City Charter a three-fourths vote of the Board of Estimate is required to constitute a valid franchise. The vote here was a majority one, namely, eleven to five, one vote short of the number required to make up a three-fourths vote.

I am of the opinion that the petitioner's claim and cause of action are untenable, because there is no franchise involved as that term is used in chapter 14 of the City Charter. Franchise in the use of the streets, within the purview of that chapter, means the use of the streets by public service companies in connection with the sale of their services or facilities to the public generally without the destruction of such streets in character or status; it does not include the conveyance and transfer thereof in connection with a slum clearance and redevelopment project of the nature here in concern. This is as well applicable to the additional ground now put forth which was not put in issue at the argument of the motion herein, but which, upon second thought, the petitioner wishes to assert. It is that in and by the terms of the contract between the City and Stuyvesant Town Corporation said redevelopment company is given the right to construct, maintain, operate and use pipes, conduits and tunnels under the designated street for heat and other utilities and for such other purposes as may be necessary or convenient to the project, and that this constitutes the granting or award of a franchise. This ground of contention is permitted to be added by way of amendment to the petition

and is rejected for like reason as respects the ground originally alleged. There is no basis in law or in fact for the construction which the petitioner contends for and seeks to obtain.

There is no element of franchise involved under either of the contentions made, but simply a contract such as is expressly authorized by said State enactment.

For the foregoing reasons the motion for a restraining order is denied and the cross motion to dismiss the petition as a matter of law upon the ground that it does not state facts sufficient to constitute a cause of action is granted. Settle order.