In the Matter of PAGANO REALTY CORP. et al., Petitioners, against WILLIAM O'DWYER et al., Constituting the Board of Estimate of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, January 22, 1948.

*Raymond J. McGrover* for petitioners.

*John P. McGrath, Corporation Counsel (Harry E. O'Donnell, Reuben Levy, Benjamin Offner* and *Bernard H. Friedman* of counsel), for Board of Estimate and another, respondents.

*Dudley Davis* and *Charles M. Swezey* for New York Life Insurance Company, respondent.

CHURCH, J. Motion by the respondents constituting the board of estimate and the City of New York to dismiss the petition herein for insufficiency is granted. The petitioners seek to restrain the board of estimate and the City of New York from considering, voting and approving the alleged plan set forth in the petition and from entering into the alleged agreement with the respondent New York Life Insurance Company. The petitioners seek also to restrain the respondent New York Life Insurance Company from taking any steps in furtherance of the plan. The proceeding has been brought pursuant to article 78 of the Civil Practice Act. As to the respondent New York Life Insurance Company the petitioner is seeking what amounts virtually to an injunction.

While the provisions of article 78 afford a simpler procedure for what was formerly a remedy pursued by mandamus, prohibition or certiorari, they do not enlarge upon the scope of relief obtainable, and are not appropriate to relief in the nature of a permanent injunction (*Matter of J. D. L. Corp.* v. *Bruckman,* 171 Misc. 3, 5; *Matter of Rivkin* v. *Garbros, Inc.,* 183 Misc. 389, 391).

Furthermore the acts of the board of estimate sought to be restrained are legislative and not executive or judicial. It is clear from a reading of the petition that the core of the plan to be considered and voted upon by the board of estimate is the contemplated condemnation proceeding. The authorization of a condemnation proceeding by the board of estimate is a legislative act and is neither judicial nor quasi-judicial (*Matter of City of New York [Ely Ave.],* 217 N. Y. 45). "The necessity, expediency or advisability of acquiring private property for public use is a political and legislative, not a judicial question". (*Matter of Joe's Downtown, Inc.,* v. *O'Dwyer,* N. Y. L. J., Dec. 5, 1947, p. 1620, col. 7; p. 1621, col. 1, UGHETTA, J.).

In *Greenberg* v. *O'Brien* (149 Misc. 866, affd. 240 App. Div. 970) Mr. Justice Cohn states the rule as follows (p. 867): "According to the weight of authority a court of equity will refrain from issuing an injunction against legislative action by a municipal corporation, even though the proposed legislation may be void or *ultra vires* " and again (p. 868): " The general rule is that a court of equity will not issue an injunction to restrain a municipal corporation from the exercise of legislative or government power, even though the contemplated action may be in disregard of constitutional restraints and may impair the obligation of a contract."

The very language of the first paragraph of the petitioner's prayer for relief tends to indicate the soundness of the position of the city on the motion to dismiss the petition. The petitioner prays for an order restraining the defendants constituting the board of estimate " from considering, voting and approving " the plan hereinabove described. From the language employed it seems fairly clear that the petitioner realizes that the action sought to be enjoined is legislative action as contrasted with judicial or quasi-judicial action. This proceeding presents a situation different than that in the case of *People ex rel. Jordan* v. *Wotherspoon* (94 Misc. 419). There the court decided that the Superintendent of Public Works was acting in a quasi-judicial capacity in letting canal contracts. In the present proceeding the board of estimate must first authorize a condemnation proceeding and in so doing performs a legislative or governmental function (*Matter of City of New York* [*Ely Ave.*], *supra*). The contention advanced by the petitioner that the property in question will not be taken for a public use does not weaken the force of this well-established rule. The petitioner argues that whether or not a use is public is a judicial question. Such question, however, must be settled in the courts and not by the respondents.

The case of *Matter of Murray* v. *LaGuardia* (180 Misc. 760, affd. 266 App. Div. 912, affd. 291 N. Y. 320) does not support the petitioner's view. The opinion by Mr. Justice Schreiber at Special Term is reported in the identical volume as that of Mr. Justice Eder in the case of *Matter of Goldstein* v. *La Guardia* (180 Misc. 738) in which the petition was dismissed as a matter of law. It appears also from the opinion in *Matter of Murray* v. *La Guardia* (pp. 761, 762) that the building plan was approved by the city planning commission and by the Superintendent of Insurance and " based on said plan the proposed contract is

scheduled to come before the respondents, composing the Board of Estimate of the City of New York on June 3, 1943, for final disposition." The petitioner offers only surmise to support its contention that in dismissing the petition in that proceeding in this court or on the appeals a holding was intended that the petition was sufficient as a matter of law.