MEZEY MOTORS, INC., Plaintiff, v. WILLIAM O'DWYER et al., Constituting the Board of Estimate of the City of New York, et al., Defendants.

Supreme Court, Special Term, New York County, April 13, 1949.

*Raymond J. McGrover* for plaintiff.

*John P. McGrath, Corporation Counsel* (*Harry E. O'Donnell* of counsel), for defendants.

VALENTE, J. This is a motion by the plaintiff for an injunction *pendente lite* in a taxpayer's action brought to enjoin and restrain the defendants constituting the board of estimate of the city of New York from entering into and carrying out the terms of a contract which is annexed to the complaint. This proposed

contract is between the New York Life Insurance Company and the City of New York whereby the latter agrees to institute proceedings for the condemnation of the entire city block bounded by 64th and 65th Streets, 2nd and 3rd Avenues, in the borough of Manhattan, for the expressed purpose of widening 64th and 65th Streets. By the terms of the contract the city proposes to offer for sale so much of the property as will not be needed for such street widening for the construction of a public parking garage, subject to certain conditions outlined in the proposed contract. The New York Life Insurance Company, the owner of the property immediately north of the property in question, agrees to bid for the property an upset price at least equal to all awards, with interest, cost, expenses and taxes. The insurance company agrees further that, if it is the successful bidder for the portion of the condemned property not required for street widening, not more than space for 300 cars in the garage to be built by it will be reserved for use of tenants in its apartment house to be built on the block north of the property involved in this action.

In an earlier proceeding, brought under article 78 of the Civil Practice Act, certain owners and tenants of the property here in question sought to restrain the board of estimate and the City of New York from considering, voting and approving the proposed plan for the condemnation of the same property with which we are here concerned. The petitioners there sought also to restrain making of the present contract or a similar agreement with the same insurance company. The earlier proceeding was dismissed (*Matter of Pagano Realty Corp.* v. *O'Dwyer,* 195 Misc. 157) and the motion for an injunction *pendente lite* was likewise denied, both orders being affirmed by the Appellate Division (275 App. Div. 705).

The gist of the present action, as of the earlier proceeding, is to enjoin and restrain the City of New York from initiating and prosecuting the condemnation of the property in question. The burden of plaintiff's complaint, as was the case of the article 78 proceeding, is that by the contemplated condemnation the city will be taking the property not actually needed for street widening purposes for a private and not a public use. Regardless of the ultimate determination of this particular question and no matter what the outcome of the present lawsuit, the general rule is that a court of equity will not issue an injunction *pendente lite* to restrain a municipal corporation from the exercise of legislative or governmental power, even though the contemplated action

may be in disregard of constitutional restraints (*Greenberg* v. *O'Brien*, 149 Misc. 866, affd. 240 App. Div. 970). The authorization of a condemnation proceeding by the board of estimate is a legislative act and is neither judicial nor nonjudicial (*Matter of City of New York* [*Ely Ave.*], 217 N. Y. 45). In the event that condemnation proceedings should be authorized by the board of estimate, with or without the signing of the contract with the New York Life Insurance Company, the question whether the property sought is being taken for a public or a private use may be determined in the condemnation proceeding. The motion for an injunction *pendente lite* is accordingly denied.