■ AMSTERDAM URBAN RENEWAL AGENCY, Appellant, v. HARLEY BOHLKE, Respondent.— Appeal from a judgment of the County Court, entered in Montgomery County, which dismissed plaintiff's petition for the condemnation of defendant's real property. By answer to the petition, respondent contended that his property was not necessary to appellant's redevelopment plan (see General Municipal Law, § 555) and not taken for a public purpose (see Condemnation Law, § 4). The trial court correctly held that absent allegations that the taking was arbitrary or capricious, respondent could not raise the questions of the necessity for the taking (*Culgar* v. *Power Auth. of State of N. Y.,* 4 Misc 2d 879, 895, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006). The trial court dismissed the petition, however, because the appellant failed to produce evidence that respondent's property was taken for public purpose. The appellant had no obligation to do so. The elimination of slums, unsanitary and blighted areas is a public purpose. (N. Y. Const. art. XVIII; General Municipal Law, § 501; *Kaskel* v. *Impelliteri,* 306 N. Y. 73; *Matter of Murray* v. *La Guardia,* 180 Misc. 760, affd. 266 App. Div. 912, affd. 291 N. Y. 320, cert. den. 321 U. S. 771; *Matter of New York City Housing Auth.* v. *Muller,* 270 N. Y. 333.) Appropriate legislative bodies have been given legal authority to make the findings necessary for declaration of that public purpose. Since it was conceded that the legislative authority had been properly exercised in the

formulation and adoption of an urban renewal plan, without corruption or fraud, the taking of respondent's property is not reviewable in the courts. (*Kaskel* v. *Impelliteri, supra,* p. 78.) The law requires only that the property be taken because there is a public purpose in redeveloping the general area. (General Municipal Law, § 502, subd. 4; § 505, subd. 4.) If the primary object of the project is a public purpose, it is not necessary that individual parcels be found substandard and immaterial that they may, in fact, be resold to private parties. Judgment reversed, on the law and the facts, and petition granted, without costs, and matter remitted to Montgomery County Court for entry of judgment and appointment of Commissioners of Appraisal. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Reynolds, JJ., concur.