HENRY ERLICH, Appellant, *v.* RAYE ERLICH, Respondent.

First Department, May 15, 1951.

*Mitchell Salem Fisher* for appellant.

*Frederick W. Scholem* (*Hyman Goldman* and *Leo B. Mittel-man* with him on the brief), for respondent.

*Per Curiam.* Husband and wife each seek a decree of separation from the other upon the ground of abandonment. The wife's counterclaim for that relief in this action was withdrawn, but after the husband's complaint was dismissed by the judgment appealed from, she commenced a like action against him. One of her defenses to his action was that she returned to his home on February 18, 1950, intending in good faith to resume her relationship as his wife. The Trial Justice has stated in an opinion that he dismissed the husband's complaint upon that ground, although there is a finding of fact that the wife at no time deserted her husband, nor absented herself from him without intention to return. The good faith of the wife's return to her husband's home on February 18, 1950, has been seriously impugned by voice recordings of intercepted telephone conversations between her and her attorneys and others. From these it might appear that the letter of reconciliation which she wrote to her husband, and her oral communications and conduct toward him, were inspired by her lawyers and were part of the strategy of the lawsuit rather than the reflection of a spontaneous desire for a reconciliation. She testified that it was all her own idea, and denied having known the New Jersey lawyer who had dictated to her over the telephone the letter of reconciliation which she wrote to her husband.

The transcriptions of these telephone conversations are admissible in evidence notwithstanding section 353 of the Civil Practice Act. The following quotation from Richardson on Evidence (7th ed., § 489) is pertinent: "Where a communication between an attorney and his client, which they intended to be private and confidential, is overheard by a third person, such person may be compelled to testify to what he overheard. This is upon the theory that the communication itself is not incompetent, but merely that the attorney himself is an incompetent witness as to such matter. Hoy v. Morris, 13 Gray (Mass.) 519, 74 Am. Dec. 650; State of Loponio, 85 N. J. L. 357, 88 Atl. 1045, 49 L. R. A. (N. S.) 1017. See, also, Cary v. White, 59 N. Y. 336."

Plaintiff has moved for a new trial upon the basis of these voice recordings. Although plaintiff had them in his possession at the time of trial, they were not brought to the attention of the court for the reason that the making of similar wire taps had then been held by the Kings County Court to be a crime. Subsequent to the trial herein, the judgment of conviction in the *Applebaum* case was reversed upon the ground that no crime is established where such a wire tap is made by the subscriber to his own telephone service connection (*People* v. *Applebaum,* 277 App. Div. 43, affd. 301 N. Y. 738). It is unnecessary to decide whether this circumstance makes these wire-tap transcriptions newly discovered evidence, inasmuch as a court in any event retains power over its own judgments to the extent necessary to vacate them if they are the product of fraud upon the court.

If defendant left her husband on or about December 1, 1949, without intention to return, as charged in the complaint, it was relevant to determine whether she returned in good faith to his home on February 18, 1950. '' Evidence of her offers to return, not spontaneous or conciliatory in their character, but made under the advice of counsel as a part of the strategy of a law suit, if not irrelevant as matter of law, would be entitled to little weight as evidence of an honest desire to live with her husband.'' (*Bohmert* v. *Bohmert,* 241 N. Y. 446, 453.)

In granting plaintiff's motion to set aside the judgment and for a new trial upon the basis of these voice recordings, we do not determine whether the evidence would have been sufficient to sustain the findings that she never abandoned him, apart from the question of her good faith in returning on February 18, 1950. Neither do we indicate how this question of fact should be determined upon the new trial. The trial court appears to have entertained the view that her mere physical return to plaintiff's house defeated the action, without regard to her good faith in doing so, and to have decided the action on that basis. Since so much importance was ascribed by the trial court to her return, we are of the view that a new trial should be granted. The two separation actions, both based on abandonment, can also then be tried together, as would have been done, in effect, if defendant had not withdrawn her counterclaim for the same relief prior to the first trial of this action.

The order denying plaintiff's motion to set aside the judgment herein and for a new trial should be reversed and said motion granted. The appeal from the judgment should be dismissed as academic.

Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.

Order denying plaintiff's motion to set aside the judgment herein and for a new trial unanimously reversed and said motion granted, and the appeal from the judgment unanimously dismissed as academic.   Settle order on notice.