Joseph Lanza et al., Respondents, *v.* New York State Joint Legislative Committee on Government Operations et al., Appellants.

First Department, May 14, 1957.

*Arnold Bauman* of counsel (*Boris S. Berkovitch,* attorney), for appellants.

*Edward H. Levine* of counsel (*Vernon C. Rossner* with him on the brief), for respondents.

*Emanuel Redfield* for New York Civil Liberties Union, *amicus curiæ.*

*Per Curiam.* This proceeding involves the question whether a Joint Legislative Committee may be restrained from making public a tape recording and a transcript thereof of the supposedly private consultation between attorney and client in a

local county jail. The client had been arrested as a parole violator. While in the local jail he was permitted to confer with his lawyer. The room, unknown to the lawyer or the prisoner, was wired to record any conversations. In some manner, the committee has obtained the tape recording and has made transcripts therefrom. It proposes to make such transcripts public, the contents of such transcripts being concededly within the scope of the inquiry. The client and his lawyer have brought this action to enjoin the committee.

Special Term denied the committee's motion to dismiss the complaint and granted plaintiffs' motion for a temporary injunction. The committee appeals.

Actually, the fact of the relationship of attorney and client is disputed by the committee. But for the purposes of this proceeding the court assumes that such relationship subsisted at the time and place in question.

As a further preliminary, it is recognized that the wiring of the consultation room and the recording of conversations between an attorney and his client, even if within the precincts of a prison, was a gross and inexcusable violation. It was a violation both of the statutory privilege between attorney and client and the constitutional right of a defendant or prisoner to consult with his attorney privately. Such intrusion, subject as it may be to certain sanctions and penalties which may exist under appropriate provisions of law, does not prevent the use of the products of such intrusion before an appropriate forum by third parties who may have obtained such tape recordings or transcripts thereof.[*]

The privilege between attorney and client is that of the client. This is personal. It is a closely protected right. Indeed, even the lawyer is powerless to waive it, only the client can. Yet the privilege is one that controls only the secrecy of communication between lawyer and client and does not extend to inhibit strangers in revealing what they know.

The law is quite clear that the privilege conferring confidentiality upon communications between attorney and client relates only to a privilege against testimonial compulsion. (8 Wigmore on Evidence [3d ed.], 1940, §§ 2325, 2326; Richardson on Evidence [8th ed.], 1955, § 438. This, too, was the square holding of this court in *Erlich* v. *Erlich,* 278 App. Div. 244, which was cited, seemingly with approval, in *People* v. *Decina,* 2 N Y 2d 133, 145.)

---

[*] See, however, L. 1957, ch. 880, eff. July 1, 1957. Cf. Senate Int. 283, Pr. 283 (1957 Session — Vetoed by the Governor).

In the *Erlich* case a husband and wife were involved in matrimonial litigation. During the litigation the husband obtained telephone recordings of conversations between the wife and her lawyer and sought to use them upon a second trial for which he had made an application. This court held that the statutory privilege under section 353 of the Civil Practice Act, subsisted. It had not been destroyed by the fact of surreptitious interception; but the contents of such conversations having become available to third parties, there was no privilege or rule which prevented their use in evidence.

In the *Decina* case, the Court of Appeals, in holding that a confidential communication between physician and patient was nonetheless privileged, although two police guards overheard the conversations, referred to the *Erlich* case as holding that the privilege was not destroyed. So, in this case, it is quite clear that the privilege of attorney and client between Mr. Lanza and his lawyer, assuming the relationship, was neither waived nor destroyed by reason of surreptitious interception. But there is no limitation, insofar as privilege is concerned, on the use by third parties of what had been revealed of these confidential communications, so long as the third parties are not subject to any testimonial inhibition.

Of course, communication between an attorney and his client, especially where the client is a defendant in a criminal matter, involves much more than a mere privilege. Also involved is the right to counsel, which carries with it the corollary right to communicate with counsel in secrecy and confidence, and without intrusion, especially by public officials. In this case that constitutional right was violated, and, indeed, violated in an atrocious and inexcusable manner. The right, however, having been once violated, the information came into the hands of a number of public agencies from whom, or with respect to whom, the client had reason to fear prejudice. Unfortunately, a secret revealed may not be retrieved. That knowledge is irrevocably theirs. As a matter of fact, even in this action, plaintiffs do not seek to restrain all public agencies having the information, but have singled out the committee. This does not mean, however, that the confidential communications thus obtained may be used against Mr. Lanza in any proceeding in which he is the target. Indeed, they may not. (*People* v. *Cooper,* 307 N. Y. 253; *Matter of Fusco* v. *Moses,* 304 N. Y. 424; *Coplon* v. *United States,* 191 F. 2d 749, 759.)

The legislative inquiry, however, is another thing. It is concerned presently with the manner in which parole is handled in this State. As such, there is neither evidence nor is

there any testimony involved which comes within the statutory privilege. Nor does the right to a fair trial or the constitutional right to counsel with reference to Mr. Lanza become involved. Consequently, neither the tape recordings nor transcripts thereof, are precluded from use by any existing rule or provision of law.

Another serious question is raised. That question is whether a court may, by prior restraint, enjoin a proceeding of an arm of the legislative branch of government on the ground that the evidence it would use might not be received in a court of law because of some violation of law or constitutional right, either in the obtaining of it or by its use in evidence. (See *Nelson* v. *United States,* 208 F. 2d 505, 513; *Hearst* v. *Black,* 87 F. 2d 68, 71; *Methodist Federation For Social Action* v. *Eastland,* 141 F. Supp. 729, 731; cf. *Matter of Withrow* v. *Joint Legislative Comm.,* 176 Misc. 597, 603; *Greenberg* v. *O'Brien,* 149 Misc. 866, affd. 240 App. Div. 970; *Mezey Motors* v. *O'Dwyer,* 195 Misc. 160: for a dictum semble *contra,* see *Matter of Edge Ho Holding Corp.,* 256 N. Y. 374, 380.) Some of the court feels that this threshold issue must be first determined, and conclude that the court is without further power to interfere. If pressed to decide the merits, they would determine otherwise. A majority, however, feels bound by the recognized principle that a constitutional question will not be reached unless it is unavoidable. (*Matter of Peters* v. *New York City Housing Auth.,* 307 N. Y. 519, 527.) Hence, since the evidence in question is not subject to exclusion, we need not go so far as to determine that difficult constitutional question. On either view, the same conclusion follows, namely, that the orders must be reversed.

Accordingly, the order granting the motion for temporary injunction should be reversed and the motion denied, and the order denying the cross motion to dismiss the complaint for insufficiency should be reversed and the motion granted.

Settle orders on one day's notice. In the meantime, plaintiffs may, if so advised, apply to the Court of Appeals for such relief as may be appropriate.

BREITEL, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order granting motion for temporary injunction, and order denying motion to dismiss complaint, unanimously reversed and the motion granted. In the meantime, plaintiffs may, if so advised, apply to the Court of Appeals for such relief as may be appropriate. Settle orders on one day's notice.