■ Susan St. Germain, Appellant, v. Jules B. St. Germain, Respondent. — In an action for a judicial separation, in which a judgment in favor of the plaintiff wife had been rendered after trial (see 23 A D 2d 763, affd. 16 N Y 2d 764), the wife appeals from an order made on October 22, 1965, in the Supreme Court, Nassau County, and entered on November 3, 1965 in Queens County, which granted the defendant husband's motion to vacate and set aside such judgment upon the ground of newly discovered evidence; and directed a new trial. Order reversed, with $10 costs and disbursements; motion denied; and judgment of separation in plaintiff's favor reinstated. In our opinion, the transcripts of the telephone tapes, relied upon by defendant as the sole ground for his motion, do not sustain the claim of a gross fraud practiced by plaintiff upon the trial court with respect to evidence on the subject matter of reconciliation. In any event, this court's modification of the judgment of separation (23 A D 2d 763) did not alter the basic ground of nonsupport upon which the judgment rests. Hence, plaintiff's evidence with respect to her importunities to defendant to return home and to resume the marital relationship, and defendant's denials that such requests were made, were not of the essence on plaintiff's right to judgment for nonsupport, as they might have been had plaintiff's action been predicated upon the theory of abandonment (*Erlich* v. *Erlich*, 278 App. Div. 244). Our finding, upon modification of the judgment, that plaintiff made a bona fide offer to resume living with defendant was relevant only to our conclusion of law that since September 1, 1963, by virtue of the enactment of section 236 of the Domestic Relations Law, a husband's liability for support continues where, without fault attributable to the wife, the parties separate by mutual consent. In view of the fact that the Trial Justice had found that the parties had separated by mutual consent, our added finding on the prior appeal made clear that the parting of the spouses was not attributable to misconduct on the wife's part. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ Fay Scalia, Respondent, v. City of New York, Defendant, and Citadel Leasing Corporation, Appellant.— In an action to recover damages for personal injuries, defendant Citadel Leasing Corporation appeals from an order of the Supreme Court, Kings County, entered June 25, 1965, which denied its motion to dismiss the complaint for lack of prosecution. Order reversed, without costs; motion granted and complaint dismissed, without costs. Pursuant to CPLR 3216, appellant duly served upon plaintiff's attorneys a notice demanding that within 45 days plaintiff serve and file a note of issue. Plaintiff failed to comply with such demand and has not shown a justifiable excuse for the delay (cf. *North Shore Exch.* v. *Home Ins. Co.*, 24 A D 2d 1021). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ The People of the State of New York, Respondent, v. Philip Chapman, Appellant.— Motion by appellant to dispense with printing and for assignment of counsel on appeal from an order of the Supreme Court, Kings County, entered December 17, 1965, which denied his motion to inspect Grand Jury minutes. Motion denied. The order is not appealable. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ Harold Oshlag, Plaintiff, v. Bruce C. Cooper et al., Defendants.— Motion by plaintiff for leave to appeal to this court from two orders of the Appellate Term of the Supreme Court, one dated December 3, 1965, which denied his motion to dismiss an appeal to said Appellate Term, and one dated December 22, 1965, which denied his motion for reargument or for leave to appeal to this court. Motion denied. Such orders are not appealable. Ughetta, Acting P. J., Christ, Brennan, Hill and Benjamin, JJ., concur.