265 So.2d 59 (1972)
Nancy S. MARKHAM, Appellant,
v.
Thomas H. MARKHAM, Appellee.
No. Q-386.
District Court of Appeal of Florida, First District.
June 20, 1972.
Rehearing Denied July 21, 1972.
*60 Jackson M. Jobe, of Dawson, Galant, Maddox, Boyer & Sulik, Jacksonville, for appellant.
William H. Maness, Jacksonville, for appellee.
RAWLS, Judge.
By this interlocutory appeal, appellant-wife challenges the admissibility into evidence in this dissolution of marriage action certain information obtained by appellee-husband by means of electronic surveillance of two telephone lines installed in the marital home.
The husband and wife own, as tenants by the entireties, the marital home. One telephone installed in the home is listed in the husband's name. The second telephone in the home is an extension of a phone installed in the "Nancy Markham School of Dance" (located several blocks from the home). Appellee-husband is employed as a recording engineer and is knowledgeable in the use of electronic surveillance devices. He attached a tape recorder to both telephone lines at a point outside the marital home and by this means intercepted a number of telephone conversations between the wife and unnamed persons. The husband offered into evidence tape recordings of the intercepted telephone conversations to which the wife strenuously objected. This interlocutory appeal is from the order of the trial judge finding that the recordings are admissible in evidence and not "obnoxious to the Federal Omnibus Crime Bill of 1968 or the Florida Security of Communications Act of 1969, Sec. 934.01 et seq., Florida Statutes ..."[1]
*61 Although the parties devote considerable time to the Federal Omnibus Crime Bill of 1968, we are of the view that it is unnecessary to apply same to the instant cause. As stated in Katz v. United States:[2]
"... But the protection of a person's general right to privacy  his right to be let alone by other people  is, like the protection of his property and of his very life, left largely to the law of the individual States."
Appellee relies primarily upon People v. Appelbaum,[3] and Commonwealth v. Goldberg.[4] Each of these cases was concerned with a criminal prosecution of a telephone subscriber tapping his telephone. Appelbaum held that "A subscriber has an absolute right to record his own communications and to protect the use made of his own telephone. There is an express as well as an implied right to prohibit its use for messages which would damage his business interests, disrupt the family relationship, or destroy amicable social conditions. The act of one having his own wire tapped to vindicate these paramount rights is not within the scope of the statute or the objectives sought to be reached by its enactment." Goldberg was convicted of the unlawful interception of a telephone communication and the installation of a device for that purpose. The Pennsylvania Superior Court adopted the views expressed in Appelbaum, supra, and reversed. The Supreme Court of Pennsylvania has recently taken a different view of that State's legislative policy than as construed by its Superior Court in Goldberg.
In Commonwealth v. McCoy,[5] the court, in sustaining the suppression of the contents of an intercepted telephone conversation, stated:
"... Hence the Legislature has determined as a matter of state public policy that the right of any caller to the privacy of his conversation is of greater societal value than the interest served by permitting eavesdropping or wiretapping."
Article I, Declaration of Rights, Section 12, Searches and Seizures, Constitution of the State of Florida, 1968,[6] F.S.A., provides in part:
"The right of the people to be secure in their persons, houses, papers and effects ... against the unreasonable interception of private communications, by any means, shall not be violated."
Amplifying the foregoing constitutional guarantee is Florida Statute 934.01(4), F.S.A., which provides, inter alia:
"To safeguard the privacy of innocent persons, the interception of wire or oral communications when none of the parties to the communication has consented to the interception should be allowed only when authorized by a court of competent jurisdiction . .."
The undisputed facts in this cause are that neither party to the conversations consented *62 to the interception. The interception of the conversations resulted from the wiretapping activities by a third party. The subject statute does not provide that a subscriber-husband is permitted to wiretap. It states unequivocally that "when none of the parties to the communication has consented", such interception should be allowed only upon a court's order. The cited Florida constitutional provision shores up the conclusion that a husband does not possess the right to invade his wife's right of privacy by utilizing electronic devices.
A married woman is no longer her husband's chattel. She is a citizen  she is an individual  and her rights are as paramount as his. The law properly protects married women in their right to independently acquire, encumber, accumulate and alienate property at will. They now occupy a position as equal partners in the family relationship resulting from marriage and more often than not contribute a full measure to the economic well-being of the family unit.[7] A husband has no more right to tap a telephone located in the marital home than has a wife to tap a telephone situated in the husband's office. Spying and prying by one spouse into the private telephone conversations of the other does not contribute to domestic tranquillity or assist in preserving the marital estate.
The statutory and constitutional law of the State of Florida precludes the admissibility into evidence of a recording of a telephone conversation, if neither party thereto consents, and in the absence of authorization for such recording by a court of competent jurisdiction. The instant recording is not admissible in evidence.
Reversed.
CARROLL, DONALD K., Acting C.J., specially concurs.
WIGGINTON, J., dissents.
CARROLL, DONALD K., Acting Chief Judge (specially concurring):
In this case of first impression in Florida, the question seems to me a close one, and I concur in the judgment of reversal basically for the reason that this court and the trial court lack the authority to engraft an exception upon the statute (Sec. 934.01 et seq., Florida Statutes) that would exempt husbands from the statute and permit them to "bug" their wives' telephone conversations. As I see it, in its essence, this is a sociological matter for the determination of the legislature, not the judiciary.
WIGGINTON, Judge (dissenting).
I regret I must respectfully dissent from the majority opinion rendered herein. Each of the telephone lines from which the recorded conversations of appellee's wife were intercepted was installed in appellee's marital home, subscribed to in appellee's own name, and paid for from his own funds.
The law has traditionally recognized the husband of a marriage to be the head of his household, which carries with it the privilege and duty of protecting it against injury, harm, or the threat thereof. He therefore possesses every legal right to take all steps deemed reasonably necessary to prevent destruction of his family unit, regardless of whether the attempt to damage or destroy his home emanates from an unfaithful wife, an ungrateful child, or a deceitful employee or guest. The constitutional right of privacy was never intended to apply to family relationships and must not now be extended to the point of preventing a husband from placing under surveillance a telephone line subscribed to by him and installed in his marital home if such is reasonably necessary in order to prevent harm or injury to his connubial relationship and domestic tranquillity.
As I read and interpret the controlling decisions on facts similar to those in this *63 case, I conclude that the trial court's judgment is amply supported by People v. Appelbaum, 277 App.Div. 43, 97 N.Y.S.2d 807 (1950); Erlich v. Erlich, 278 App.Div. 244, 104 N.Y.S.2d 531 (1951); Commonwealth v. Goldberg, 208 Pa.Super. 513, 224 A.2d 91 (1966).
NOTES
[1] The Supreme Court of Georgia in an extensive opinion in Cross v. State, 225 Ga. 760, 171 S.E.2d 507, 510, 511 (Ga. 1969), interpreting the cited federal statute, stated:

"... it is apparent that the language of § 2515, above, is expressly prohibitive of the introduction into evidence of any intercepted communication be it interstate or intrastate, acquired in violation of the provision of Chapter 119 of 18 U.S.C.A. We, therefore, need look only so far as is necessary to determine whether the provisions of that Act have been complied with, for if they have not, then the reception in evidence of the intercepted messages in these cases constitutes reversible error . . "... Such a search [wiretapping] constituted a violation of the defendants' right to privacy guaranteed to them under the terms of the Fourth Amendment of the United States Constitution, and by Art. I, Sec. I, Par. XVI of the Constitution of this State." (Emphasis supplied.)
[2] Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, 581 (1967), citing Tehan v. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed.2d 453, 460, which stated:

"... the right of each individual `to a private enclave where he may lead a private life.'"
[3] People v. Appelbaum, 277 App.Div. 43, 97 N.Y.S.2d 807, 810 (1950).
[4] Commonwealth v. Goldberg, 208 Pa. Super. 513, 224 A.2d 91 (1966).
[5] Commonwealth v. McCoy, 442 Pa. 234, 275 A.2d 28 (1971).
[6] Cf. Florida Constitution of 1885, as amended, which contained no specific provision relating to the interception of private communications.
[7] Beard v. Beard, 262 So.2d 269 (Fla.App. 1972).