272 So.2d 813 (1973)
Thomas H. MARKHAM, Petitioner,
v.
Nancy S. MARKHAM, Respondent.
No. 42667.
Supreme Court of Florida.
January 31, 1973.
Rehearing Denied February 28, 1973.
William H. Maness, Jacksonville, for petitioner.
Black & Leggett, P.A., Jacksonville, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 265 So.2d 59. The decision sought to be reviewed has been certified by the District Court as one passing on a question of great public interest, thereby giving this Court jurisdiction under § 4, Article V, of the Florida Constitution, F.S.A.
Respondent-wife brought an action for the dissolution of marriage. During the presentation of testimony on the issue of temporary custody of the children of the parties, petitioner-husband offered in evidence recordings of telephone conversations intercepted when he tapped two telephone lines coming into the home of the parties. The wife filed motion to suppress the intercepted wire communication contents and evidence derived therefrom, relying upon Title 18, Section 2518, of the Omnibus Crime Bill of 1968, and Section 934.06, Florida Statutes, F.S.A.
The trial court denied the motion to suppress and ruled that the tape recordings were admissible, preserving only to the wife the right to object to portions of the recordings on the grounds of relevancy or materiality.
*814 On appeal, the District Court held that the statutory and constitutional law of the State of Florida precluded the admissibility into evidence of a recording of a telephone conversation if neither party thereto consents, in the absence of authorization for such recording by a court of competent jurisdiction. In reaching its decision, the District Court, relying principally on constitutional guarantees of the right to privacy and Florida Statutes § 934.01(4)[1], F.S.A., held:[2]
"The undisputed facts in this cause are that neither party to the conversations consented to the interception. The interception of the conversations resulted from the wiretapping activities by a third party. The subject statute does not provide that a subscriber-husband is permitted to wiretap. It states unequivocally that `when none of the parties to the communication has consented', such interception should be allowed only upon a court's order. The cited Florida constitutional provisions shores up the conclusion that a husband does not possess the right to invade his wife's right of privacy by utilizing electronic devices." (Emphasis theirs)
The District Court has correctly answered the question presented and its decision is adopted as the decision of this Court. The Statute in question makes no exception allowing admission of wiretap evidence in domestic relations cases when neither party to the communication consented to the interception.
Accordingly, the decision of the District Court in this cause is affirmed and the writ is discharged.
It is so ordered.
CARLTON, C.J., and ROBERTS and ERVIN, JJ., concur.
MELVIN, WOODROW H., Circuit Judge, dissents with opinion.
MELVIN, WOODROW H., Circuit Judge (dissenting).
I respectfully record here my dissent.
The Congress of the United States of America and the members of the Legislature of the State of Florida are a composition of reasonable and intelligent citizenry elected by the people for the purpose of representing them in the law writing branch of the government. As I understand the provisions in the Constitution and the statute upon which the majority of this great Court would bottom its opinion the same are based upon the common sense proposition that before a person may be heard to complain as to a telephone interception, that person must have had a reasonable right to expect that such communication would not be subject to interception. That is to say, such person must have a reasonable right under known existing circumstances to expect privacy in connection with the telephone conversation.
The situation to which this Court would so apply the law is one which in my judgment the writers thereof never contemplated.
The husband caused an intercepting device to be placed upon his telephone lines, the listing of which was in his name and for which he paid the required charge. The lines in question were to his home. We then have the relatively simple question of whether or not his wife while within the sacred confines of the marital home, *815 had a reasonable right to expect privacy in the use of telephone lines connected from the marital domicile to the place where the recipient of her affections was listening.
I perceive that neither the Congress nor the Legislature of Florida could have envisioned by the enactment of the Constitution and statute referred to, that the husband no longer could be considered the head of his household; that he no longer could be considered as the protector of his wife and his marriage or his family. We are now invited, however, to conclude that the Congress and the Legislature intended to grant such right of privacy to a spouse in the furtherance of his or her conspiracy with a lover to break two of the basic ten commandments relating to human conduct. I can no more perceive a right of privacy on the part of those here thus engaged to so use the telephone lines in the reasonable expectation of privacy relating thereto, than would have been so had they claimed the right of privacy in the use of the husband's bedroom. Such a conclusion would seem to me to be tortured logic. I therefore note my dissent.
NOTES
[1] "To safeguard the privacy of innocent persons, the interception of wire or oral communications when none of the parties to the communication has consented to the interception should be allowed only when authorized by a court of competent jurisdiction and should remain under the control and supervision of the authorizing court. * * *"
[2] Markham v. Markham, 265 So.2d 59, 61 (Fla.App. 1st 1972).