WIGGINTON, Judge.
Appellant, Mrs. Burgess, appeals from the order of the trial court reluctantly dismissing her cause of action for civil damages brought under Section 934.10, Florida Statutes (1979), as being precluded by Raisen v. Raisen, 379 So.2d 352 (Fla.1979) and the doctrine of interspousal tort immunity.
In 1979, Mr. Burgess filed his complaint for dissolution of marriage in which he stated “the marriage was irretrievably broken.” While he and Mrs. Burgess were separated pending final dissolution, Mr. Burgess allegedly stole into the family home, climbed into the attic and spliced an electric device onto the telephone lines in order to intercept and record Mrs. Burgess’ telephone conversations. He then allegedly played the recordings to neighbors, and used them to his advantage during the dissolution proceedings.
Mrs. Burgess filed a complaint pursuant to Section 934.10 based on Mr. Burgess’ alleged willful interception and willful disclosure of her telephone communications. Mr. Burgess, relying on Raisen, filed a motion to dismiss, claiming the doctrine of interspousal immunity precluded the action. The trial judge dismissed the complaint with prejudice despite his opinion that “the philosophy of the immunity doctrine should not be applied to the facts of this action.”
The “philosophy” behind the doctrine of interspousal immunity enunciated in Raisen and recently reiterated in Hill v. Hill, 415 So.2d 20 (Fla. 1st DCA 1982); Roberts v. Roberts, 414 So.2d 190 (Fla.1982); and West v. West, 414 So.2d 189 (Fla.1982), embraces family harmony and its resources. Of utmost concern to the supreme court is the disturbing effect interspousal tort actions would have on domestic tranquility and the propensity toward promotion of trivial actions and fraudulent claims. Although it has recognized that a wronged or abused spouse is entitled to relief manifesting itself in the discretion of the trial court during the dissolution proceeding, or coming about by way of a criminal action, the supreme court has firmly denied recovery of money-damages by an aggrieved spouse in a civil *1174 action. See, e.g., Hill v. Hill, and Markham v. Markham, 265 So.2d 59 (Fla. 1st DCA 1972), aff’d, 272 So.2d 813 (Fla.1973); and see generally, United States v. Jones, 542 F.2d 661 (6th Cir. 1976). As was stated succinctly in Raisen, the doctrine of inter-spousal tort immunity “precludes a tort action between husband and wife in all cases (emphasis added).” 379 So.2d at 355.
With that definitive statement, the supreme court has left us with no choice but to affirm the trial court’s order dismissing Mrs. Burgess’ cause of action on the basis of Raisen. However, as did the trial judge, we do so reluctantly, for our feeling is that under the particular circumstances of this case, a departure from Raisen would do no “real damage” to the doctrine or its philosophy. Shor v. Paoli, 353 So.2d 825, 826 (Fla.1977).
As mentioned above, the tension in this area arises over the civil cause of action for damages brought by one spouse against the other. Chief among the reasons traditionally assigned as justification for the doctrine is the promotion of peace and harmony in the home and the avoidance of fraudulent or collusive claims. It would appear to us, however, that where these traditional reasons are found not viable in a particular case, or are overshadowed by a more compelling statutorily created interest or constitutionally protected right, the doctrine of interspousal immunity should not apply. We feel that Mrs. Burgess’ cause of action is one such particular case.
Chapter 934, Florida Statutes (1979), under which Mrs. Burgess filed her claim for damages, has as its purpose the protection of privacy of wire and oral communications and the safeguarding of the privacy of innocent persons. Section 934.01(2) and (4). To further that purpose, the legislature provided a civil cause of action for damages to
[a]ny person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter . .. against any person who intercepts, discloses, or uses ... such communications ...
(emphasis added).
The use of the word “any” by the legislature would appear to be positive and unambiguous language abrogating, at least indirectly, interspousal tort immunity in this case. Moreover, we question whether the traditional justifications for immunity should not be subordinated to the more compelling privacy interests of this individual.
The promotion of peace and harmony in the family home is not a viable consideration under the circumstances of this case. Mr. Burgess conducted his alleged midnight excursions into the attic of the family home during the course of the dissolution proceedings. The marriage already suffered discordance; the policy of fostering marital peace and harmony is hardly supported by a rule allowing interspousal wiretapping. Accord State v. Jock, 404 A.2d 518 (Del.1979).
Also, fraud against insurers is unlikely here. Practically speaking, insurance coverage is not available for intentional torts. Moreover, it is hard to believe that Mrs. Burgess colluded with her husband to have her private conversations recorded and played before her neighbors so that she might maintain a cause of action for damages under Section 934.10.
Finally, it is our considered opinion that the privacy interest here should prevail over the policy reasons behind the doctrine of interspousal tort immunity. We are not concerned with a question of married women’s rights, but with whether any spouse must suffer the indignation of invasion of his or her right to hold a private telephone conversation without redress, solely because the wires were tapped by their husband or wife. Granted, Mrs. Burgess could have leveled criminal charges against Mr. Burgess pursuant to Section 934.03(l)(d), which makes such conduct a felony of the third degree; or, Mrs. Burgess could have obtained relief in the dissolution proceedings under Markham and Hill. However, it would seem to be the unequivocal intent of our legislature to prohibit any person from intercepting any person’s oral communication. See generally State v. Tsavaris, 394 So.2d 418, 422 (Fla.1981).
*1175 Therefore, because of our stated reservations, although we affirm the order of the trial court, we certify the following question to the Florida Supreme Court as being one of great public importance:
Does the doctrine of interspousal tort immunity bar a civil cause of action for money damages brought by one spouse against the other spouse, under Section 934.10, Florida Statutes (1979)?
SHIVERS and SHAW, JJ., concur.