419 So.2d 358 (1982)
Gary PIRES, Appellant,
v.
Louie L. WAINWRIGHT, Appellee.
No. AF-213.
District Court of Appeal of Florida, First District.
September 10, 1982.
*359 Sharon Ehrenreich and John D. Middleton, of Wolbert, Saxon & Middleton, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Leonard George, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Pires appeals the trial court's order denying his petition for writ of habeas corpus by which he sought review of a disciplinary proceeding which resulted in loss of gain time, confinement and a transfer from the Union Correctional Institute to Florida State Prison. Appellant asserts the lower court erred in holding the Securities of Communications Act, Chapter 934, does not apply to prison inmates. We affirm.
The stipulated facts indicate Pires, an inmate in Union Correctional Institute, placed a telephone call to a person not incarcerated. The conversation was monitored by a Department of Corrections officer. No warrant was issued for the wiretap. As a result of information gained by the wiretap, Pires was found guilty of a disciplinary breach. The record also demonstrates the telephone call was made in an effort to arrange an escape.
Appellant relies heavily on State v. Tsavaris, 394 So.2d 418 (Fla. 1981), in which the court stated:
While the federal wiretapping legislation envisions that one's right to privacy must be subordinate to law enforcement interests when one party consents to the interception of a conversation, "[t]he [Florida] Legislature has determined as a matter of state public policy that the right of any caller to the privacy of his conversation is of greater societal value than the interest served by permitting eavesdropping or wiretapping." State v. Walls, 356 So.2d at 296 (quoting from Markham v. Markham, 265 So.2d 59 (Fla. 1st DCA 1972), affirmed, 272 So.2d 813 (1973)). Hence, the Florida act evinces a greater concern for the protection of one's privacy interests in a conversation than does the federal act.
Id., at 422. Although the cited portion of Tsavaris emphasizes the legislature's concern for privacy interests in telephonic communications, the language clearly demonstrates the issue calls for a weighing of a party's interests in privacy against the "societal interests served by permitting eavesdropping or wiretapping." We find that societal interests of maintaining custody over prisoners significantly outweighs the individual prisoner's interests in the privacy of his telephonic communications. Accordingly, we hold there is an exception to the Security of Communications Act permitting prison officials to wiretap telephone calls from prisoners incarcerated in our prisons.
This position is consistent with the federal view. In United States v. Paul, 614 F.2d 115 (6th Cir.1980), the court construed the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510, et seq., to include an exception permitting jail officials to wiretap conversations between prisoners and visitors, although the statute contained no specific exception. The court noted that a monitoring took place within the ordinary course of the correctional officer's statutory duties. 18 U.S.C. § 2510 (5)(a). Florida correctional officers are also burdened with supervisory obligations. Section 945.04, Fla. Stat. (1979) provides: "[t]he Department of Corrections shall be responsible for the inmates and for the operation of, and shall have supervisory and protective care, custody, and control of, all buildings, *360 grounds, property of, and matters connected with, the correctional system.
Although appellant is correct there was no evidence the Department posted a notice of intent to wiretap as there was in Paul, this lack of notice does not compel a different result. In United States v. Hearst, 563 F.2d 1331, 1345 (9th Cir.1977), the court stated: "An intrusion by jail officials pursuant to a rule or policy with a justified purpose of imprisonment or prison security is not violative of the Fourth Amendment." The Florida Legislature has clearly set forth a policy placing inmates in the custody and under the control of the Department of Corrections. The surveillance here was done within the scope of the Department's duty to maintain a secure correctional facility. Accordingly, the order below is AFFIRMED.
ERVIN, J., concurs.
WENTWORTH, J., dissents, with opinion.
WENTWORTH, Judge, dissenting.
I respectfully dissent because the decisions cited by the majority do not appear to me to be authority for creating an exception not indicated by the terms of the Florida Security of Communications Act, or for permitting indiscriminate wiretaps to obtain evidence in a custodial situation. Even assuming appellant's use of a pay telephone, in the circumstances presented, could have been conditioned on consent to a monitor, no such notice has been asserted. I would reverse.