447 So.2d 220 (1984)
Dean D. BURGESS, Petitioner,
v.
Foster F. BURGESS, Respondent.
No. 62507.
Supreme Court of Florida.
March 15, 1984.
*221 J. LaDon Dewrell and F. Lloyd Blue, Jr., of Dewrell, Blue & Brannon, Fort Walton Beach, for petitioner.
Henry Clay Mitchell, Jr., of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for respondent.
ADKINS, Justice.
The First District Court of Appeal has certified the following question as being a matter of great public importance.
Does the doctrine of interspousal tort immunity bar a civil cause of action for money damages brought by one spouse against the other spouse, under Section 934.10, Florida Statutes (1979)?
Burgess v. Burgess, 417 So.2d 1173, 1175 (Fla. 1st DCA 1982). Our jurisdiction vests under article V, section 3(b)(4), Florida Constitution.
This Court has specifically stated that any legislative enactment which would allow interspousal tort actions should be "positive and unambiguous." Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980). The sole question involved in this case is whether section 934.10, Florida Statutes (1979), permits, with requisite clarity, interspousal tort litigation. For reasons discussed below we find that the language of section 934.10 is both "positive and unambiguous" and provides an aggrieved party with an unconditional civil cause of action, regardless of marital status. The certified question is answered in the negative.
The facts of the case are undisputed. In 1979, respondent, Mr. Burgess, filed his complaint for dissolution of marriage in which he stated that the marriage had been "irretrievably broken." While he and Mrs. Burgess were separated, pending final dissolution, Mr. Burgess stole into the family home, climbed into the attic, and spliced an electronic device onto the telephone lines in an effort to intercept and record Mrs. Burgess' telephone conversations. He then played these recordings to neighbors and used them for purposes of gaining an advantage for himself in the dissolution proceedings.
Mrs. Burgess, petitioner, filed a civil action seeking monetary damages under section 934.10 based on Mr. Burgess' willful intercept and full disclosure of her telephone conversations. The trial judge dismissed Mrs. Burgess' complaint as being precluded by the doctrine of interspousal tort immunity as announced in Raisen. The First District Court of Appeal, with stated reservations, reluctantly affirmed and then certified the aforementioned question to this Court. 417 So.2d 1174-75.
Chapter 934, which deals with the security of communications, was enacted by the Florida Legislature in order to assure personal rights of privacy in the area of oral and wire communications. The sweeping scope of this chapter is marked by the clear and comprehensive language of section 934.03(1), Florida Statutes (1979), which states in pertinent part:
(1) Except as otherwise specifically provided in this chapter, any person who:
(a) Willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication; ... shall be guilty of a felony of the third degree, *222 punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added.) There is little doubt that Mr. Burgess violated chapter 934 when he entered the home, secretly attached the electronic surveillance device to the telephone, then intercepted conversations between Mrs. Burgess and certain third parties. The protection of personal privacy rights within the confines of marriage is a principal area of concern under chapter 934. See Markham v. Markham, 272 So.2d 813 (Fla. 1973) (Court specifically held that chapter 934 prohibited interspousal wiretaps within the family home). Respondent does not contest his criminal liability under the statute. Rather, he argues that chapter 934 does not abrogate the doctrine of interspousal tort immunity and, while criminal sanctions may be appropriate under the statute, civil sanctions are not. Given the explicit language of the statute, we cannot agree.
In chapter 934, the Florida Legislature evidenced its overriding concern for the protection of personal privacy by imposing both civil and criminal sanctions upon those in violation of the statute. § 934.10, Fla. Stat. (1979). The language of section 934.10 is straightforward and provides in relevant part:

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use, such communications and shall be entitled to recover from any such person:
(1) Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
(2) Punitive damages; and
(3) A reasonable attorney's fee and other litigation costs reasonably incurred.
(Emphasis added.) The message here is plain  any person falling victim to an unlawful wire intercept shall have a civil cause of action against any person so violating chapter 934. The word "person", as used in section 934.10, is defined by statute as follows:
(5) "Person" means any employee or agent of the state or political subdivision thereof and any individual, partnership, association, joint stock company, trust, or corporation; ...
§ 934.02, Fla. Stat. (1979). This definition draws no distinction between married and unmarried individuals. Consequently, all victims of unlawful wire intercepts are entitled to compensation without reference to their marital status.
The problem of unauthorized interception of wire communications is widespread and often surfaces in and around dissolution proceedings. As evidenced in the instant case, the general scenario involves one spouse intercepting the communications of the other in order to gain advantage in the divorce agreement. This conduct runs contrary to fundamental concepts of privacy and is specifically prohibited under chapter 934. The teeth of this prohibition are located in the criminal and civil sanctions provided by statute. §§ 934.03(1)(a) and 934.10. To bar the victimized spouse from civil remedy would undermine the legislature's purpose in upholding one's constitutional right to privacy. In sum, the remedy afforded by section 934.10 should not be circumscribed by the doctrine of interspousal tort immunity.
Our determination that this is a legislatively established exception to the doctrine of interspousal tort immunity is supported by strong policy grounds as well as by the literal statutory construction. The arguments generally furthered in support of interspousal tort immunity are not applicable where illegal electronic surveillance is an issue. See Hill v. Hill, 415 So.2d 20 (Fla. 1982); Raisen (the Court, in both cases, found interspousal tort immunity primarily concerned with the preservation of marital harmony). The policy of marital harmony is not furthered by permitting one covertly to invade the privacy of his or her spouse without fear of civil reprisal. It is *223 undisputed that spying and prying by one spouse into the private telephone conversations of the other does not contribute to domestic tranquility or assist in preserving the marital estate. See Markham v. Markham, 265 So.2d 59, 62 (Fla. 1st DCA 1972), aff'd, 272 So.2d 813 (Fla. 1973). Eavesdropping, by nature, undermines the faith and trust upon which the institution of marriage is founded. A rule of law which leaves such repugnant behavior unsanctioned can hardly be said to preserve the marital unit. Moreover, the doctrine of interspousal tort immunity, if applied in the instant case, would result in an inequitable operation of this statute. The following example is illustrative. A suspected criminal is subjected to a wire intercept conducted by certain members of a police department. The wiretap is unauthorized and violates chapter 934. Those persons involved in the illegal surveillance are guilty of a third-degree felony. § 934.03(1)(a). In addition, the suspected criminal  as victim to an illegal wiretap  is entitled to receive from those persons actual damages, punitive damages, and reasonable attorney's fees. § 934.10. By comparison, both the trial court and the First District Court denied Mrs. Burgess, also a victim to an illegal wire intercept, recovery by reason of her marriage to the perpetrator. Under these holdings the victimized spouse is given less protection under chapter 934 than that afforded the suspected criminal. This result is incompatible with chapter 934's strong purpose of assuring personal rights of privacy within the institution of marriage.
Accordingly, we find that the doctrine of interspousal tort immunity does not bar a civil cause of action for money damages brought by one spouse against the other under section 934.10. The certified question is answered in the negative and the decision of the First District Court is quashed.
It is so ordered.
OVERTON, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., dissents with an opinion, in which BOYD, J., concurs.
BOYD, J., dissents with an opinion.
ALDERMAN, Chief Justice, dissenting.
I do not believe that the legislature, in enacting section 934.10, Florida Statutes (1979), intended to create an exception to the doctrine of interspousal immunity. A reading of the statute certainly does not reveal such an intent. In order to create such an exception to the rule of spousal immunity, the language of the statute should contain positive and unambiguous language revealing this intent. I disagree with the majority that section 934.10 positively and unambiguously provides an aggrieved party with an unconditional civil cause of action regardless of marital status.
I believe that the majority has misread section 934.10 to allow this limited exception to the doctrine of interspousal immunity, which exception allows one spouse, falling victim to an unlawful wire intercept, to have a civil cause of action against the other spouse who violated chapter 934.
I would approve the result of the decision of the First District and answer the certified question in the affirmative.
BOYD, J., concurs.
BOYD, Justice, dissenting.
I dissent to the majority opinion partially abrogating the common-law doctrine of interspousal immunity. The majority attempts to justify its action as a legislatively authorized exception to the doctrine, but the attempt utterly fails. When the legislature enacted this statute the members knew that under the doctrine of interspousal immunity husbands and wives were not liable to each other for tort claims. If the legislature had intended for this statute to constitute an exception to the interspousal immunity rule they should have said so.
The doctrine of interspousal immunity is based in the common-law understanding of the legal unity of husband and wife. The rule of immunity is all-encompassing. Our *224 legislature has the undisputed authority to change this fundamental principle of law, but such a change is not to be lightly inferred. The majority opinion grounds its abrogation of the doctrine not on any positive and unambiguous declaration of the legislature, but rather on the majority's own notions of what public policy should provide in this area.
The majority says that Mr. Burgess used the recordings of Mrs. Burgess's telephone conversations to his advantage in the dissolution proceedings, but does not say how this was accomplished. It is difficult to conceive of how this might have been done, since telephonic communications intercepted in violation of chapter 934, and the fruits thereof, are clearly inadmissible in evidence in all judicial proceedings. § 934.06, Fla. Stat. (1979).
Although there is no remedy inuring specifically to the benefit of Mrs. Burgess for Mr. Burgess's wrongful and criminal conduct, there is a remedy which the state could have invoked on behalf of society. For as the majority opinion points out, Mr. Burgess was subject to criminal prosecution for his conduct. Furthermore, if, as is often the case in dissolution proceedings, Mr. Burgess was under an injunction not to disturb the family home, he could have been held in contempt of court and punished for his conduct. But he cannot, under long-established principles, be civilly sued by Mrs. Burgess.
Since the majority's abrogation of the rule of spousal immunity is not based on any positive and unambiguous legislative statement of intent, I dissent. Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), cert. denied, 449 U.S. 886, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980).