PER CURIAM.
In this post-dissolution proceeding, the mother appeals an order modifying visitation. The principal claim is that the trial court erred by admitting into evidence a tape recording of a conversation between the mother and the minor child. The nine-year-old child, while visiting a neighbor, called her mother. In so doing, she acci-dently activated the neighbor’s answering machine, which unbeknownst to the mother or child, recorded the conversation.
Later, in listening to her telephone messages, the neighbor heard the recorded conversation and gave the tape from the answering machine to the father. The parents and child were then in court-ordered therapy, and the father gave the tape to the therapist. The therapist and court-appointed guardian ad litem considered its contents in making a recommendation to modify the visitation arrangements.
We conclude that the admission of the tape into evidence did not violate the statutory exclusionary rule found in section 934.06, Florida Statutes (1997). Chapter 934 prohibits the intentional interception of wire communication. See § 934.03(l)(a), (b), Fla. Stat. It also prohibits the intentional disclosure of the contents of a wire communication, “knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communications in violation of this subsection _” § 934.03(l)(c), Fla. Stat. (emphasis added). Here, the court found that the taping occurred accidently, not intentionally. It did not violate the statute, and thus the statute did not prevent the father from turning over the tape to the therapist or guardian ad litem.
The statutory exclusionary rule found in section 934.06 prohibits the contents of an intercepted communication from being received in evidence in any trial “if the disclosure of that information would be in violation of this chapter.” Id. As there was no violation of chapter 934, it follows that the objection to the admission of the tape into evidence was properly overruled. The mother relies on Markham v. Markham, 272 So.2d 813 (Fla.1973), but in that case there was an intentional, not accidental, wire tapping. The rule in Markham is not applicable here.
Affirmed.*

 The trial court order found the tape to be cumulative of the live testimony and considered it only for purposes of corroboration.