Alice C. **KIRKLAND**, et al.

v.

**Dennis B. FRANCO.**

**No. CIV.A. 99–2317.**

United States District Court,
E.D. Louisiana.

April 17, 2000.

Ernest S. Anderson, Donald Bruce Cameron, Anderson & Anderson, Slidell, LA, for Plaintiff.

Donald F. deBoisblanc, Donald Francis deBoisblanc, Jr., deBoisblanc & deBlois-

blan, Attorneys at Law, New Orleans, LA, for Defendant.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court are motions for summary judgment by defendant Dennis B. Franco and plaintiffs Alice Christina Poe Kirkland and Vilma Dreux Jones. For the following reasons, the motion for summary judgment by Franco is GRANTED in part and DENIED in part, the motion for summary judgment by plaintiff Kirkland is DENIED in part and GRANTED in part, and the motion for summary judgment by plaintiff Jones is GRANTED.

### I. BACKGROUND

Plaintiff Alice Christina Poe Kirkland ("Kirkland") and defendant Dennis B. Franco ("Franco") were formerly married. Prior to their separation, they had three children and lived in Slidell, Louisiana. When Franco suspected that Kirkland was having an extramarital affair, he purchased a telephone recording device from Radio Shack and placed it on an extension telephone in the couple's bedroom from August 1, 1998 until August 3, 1998 without the knowledge of his wife.

The tape recordings detail conversations between Kirkland and Jones but apparently do not reveal explicit information concerning Kirkland's affair. Kirkland, however, admitted to her affair with Jones when confronted by Franco with the tapes. Franco also discussed the nature of the tapes with Kirkland's pastor, employer, mother, and during a child-custody hearing.

Kirkland and Jones sued Franco in this Court alleging claims under both federal and state law. First, plaintiffs argue that Franco violated the Federal Omnibus Crime Control and Safe Streets Act which prohibits intentionally intercepting electronic communications. See 18 U.S.C. § 2510, et seq. Second, plaintiffs contend that Franco violated Louisiana's Electronic Surveillance Act which similarly bars will-

ful interception and disclosure of electronic communications. *See* La.Rev.Stat. Ann. § 15:1303. Franco responds that he is entitled to summary judgment because the Fifth Circuit has created an exception for spouses to the Omnibus Act. *See Simpson v. Simpson,* 490 F.2d 803 (5th Cir.1974).

The parties agree that no contested issues of material fact exist concerning Franco's actions. Defendant admits he recorded telephone conversations between Kirkland and Jones without their knowledge and consent. Nevertheless, plaintiffs and defendant disagree about the facts related to damages including: the content, dates, and duration of the intercepted communications, the identities of the individuals recorded, the number and identities of those Franco disclosed the contents of the tapes, and Franco's intent in making the recordings.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *See Crescent Towing & Salvage Co. v. M/V ANAX,* 40 F.3d 741, 743 (5th Cir.1994). Once the moving party demonstrates that there is no issue of material fact, the burden shifts to the nonmoving party to prove that there is an issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts. *See* Fed.R.Civ.P. 56(e). If the factual context makes the nonmoving party's claims implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show an issue of material fact. *See Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

### B. Federal Omnibus Crime Control and Safe Streets Act Claims

Plaintiffs contest that defendant violated the Federal Omnibus Crime Control and Safe Streets Act ("Omnibus Act"), which prohibits intentionally intercepting electronic communications between two or more individuals, by recording their telephone conversation without their knowledge or consent. *See* 18 U.S.C. § 2510, *et seq.* The Omnibus Act provides:

[A]ny person who (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; (b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when (i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication ... (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection.

*Id.* § 2510. For violations of the Omnibus Act, plaintiffs are entitled to appropriate declaratory and equitable relief, actual or statutory damages, and reasonable attorney's fees and litigations costs.[1] *See id.*

---

1. The court may assess either actual or statutory damages depending upon whichever is

the greater: the sum of the actual damages suffered by the plaintiff and any profits made

§ 2520. Both plaintiffs and defendant admit that no genuine issue of material fact exists concerning liability. They argue, respectively, that summary judgment is appropriate as a matter of law.

■ First, defendant contends that he is entitled to summary judgment because of the interspousal exception to the Omnibus Act created by the Fifth Circuit. *See Simpson*, 490 F.2d at 805–6. In *Simpson*, the Fifth Circuit held that while the Omnibus Act appears to apply by its terms to spouses, "Congress did not intend such a far reaching result, one extending into areas normally left to states, those of the marital home and domestic conflicts." *Id.*

The *Simpson* court, however, did not rule without reservation. *See id.* (explaining that "we are not without doubts about our decision" which "is, of course, limited to the specific facts of this case"). The Fourth, Sixth, Eighth and Tenth Circuits further criticize the result and reasoning of *Simpson. See Pritchard v. Pritchard*, 732 F.2d 372, 374 (4th Cir.1984) (finding no express or implied exception for willful, unconsented electronic surveillance between spouses); *United States v. Jones*, 542 F.2d 661, 666 (6th Cir.1976) (interpreting legislative history to find no interspousal exception); *Kempf v. Kempf*, 868 F.2d 970, (8th Cir.1989) (rejecting the statutory interpretation of *Simpson* ); *Heggy v. Heggy*, 944 F.2d 1537, 1540 (10th Cir. 1991) (rejecting both statutory analysis and legislative interpretation of *Simpson* ); *see also Kratz v. Kratz*, 477 F.Supp. 463, 471–474 (E.D.Pa.1979) (holding that no exception exists for interspousal wiring tapping and rejecting the extension phone exemption). *But see Anonymous v. Anonymous*, 558 F.2d 677, 679 (2nd Cir.1977) (supporting *Simpson* and applying telephone extension exception).

While the *Simpson* court itself, as well as other circuits, find fault with the *Simpson* decision, it remains the law that governs the courts of the Fifth Circuit. Kirkland raises well-reasoned arguments,

but it is not appropriate for a district court to question clear precedent in a case involving nearly identical facts. Therefore, Franco's motion for summary judgment is granted with respect to Kirkland's claim against him under the Omnibus Act, and Kirkland's motion for summary judgment against Franco under the Omnibus Act is accordingly denied.

Jones, unlike Kirkland, does have a valid claim against Franco under the Omnibus Act. While *Simpson* supports Franco in his arguments against Kirkland, the decision does not apply to Jones because she was never his spouse. Franco fails to address Jones' cause of action and offers no case law or argument in his motion either to support his motion for summary judgment or to refute Jones' motion for summary judgment. Because Franco admits to liability and raises no genuine issue of material fact, Jones is entitled to summary judgment for her cause of action under the Omnibus Act.

## C. Louisiana's Electronic Surveillance Act Claims

Plaintiffs also raise claims against Franco under Louisiana's Electronic Surveillance Act. *See* La.Rev.Stat. Ann. § 15:1303. The statute provides:

[I]t shall be unlawful for any person to: (1) Willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire or oral communication; (2) Willfully use, endeavor to use, or procure any other person to use or endeavor to use, any electronic, mechanical, or other device to intercept any oral communication when: (a) Such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication; or (b) Such device transmits communications by radio or interferes with the transmission of such communication; (3) Willfully disclose, or endeavor to disclose, to any

by the violator as a result of the violation or statutory damages consisting of the greater,

$100 a day for each day of violation, or $10,-000. *See id.*

other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection; or (4) Willfully use, or endeavor to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection.

Civil violations of the statute may result in "actual damages, but not less than liquidated damages computed at the rate of one hundred dollars a day for each day of violation or one thousand dollars, whichever is greater," attorney's fees, litigation costs, and punitive damages. *Id.* § 1312.

Defendant again does not raise a genuine issue of material fact concerning his liability under Louisiana's Electronic Surveillance Act. In fact, he makes no argument and offers no case law either supporting his claim for summary judgment or refuting plaintiffs' motion for summary judgment for their causes of action under state law. Franco also cannot rely upon his prior citation of *Simpson* to shield him from plaintiffs' state law claims because *Simpson* examines federal and not state law. Accordingly, defendant's claim for summary judgment on the claims brought under Louisiana's Electronic Surveillance Act is denied.

█ The Louisiana Supreme Court has not decided whether the Louisiana Electronic Surveillance Act creates an exception for spouses. This Court, therefore, must make an "Erie guess" and "determine as best it can" what the Louisiana Supreme Court would decide. *Krieser v. Hobbs,* 166 F.3d 736, 738 (5th Cir.1999). In making an Erie guess, this Court may look to the decisions of intermediate appellate state courts for guidance. *See Matheny v. Glen Falls Ins. Co.,* 152 F.3d 348, 354 (5th Cir.1998).

In *Keller v. Aymond,* Louisiana's Third Circuit court of appeal considered a violation of the Electronic Surveillance Act brought by plaintiffs whose telephone conversations were recorded and the contents later published. 722 So.2d 1224 (La. App.3d 1998). The Court found that Louisiana's Electronic Surveillance Act was modeled after the federal Omnibus Act and determined that federal law interpreting language similar in both statutes is instructional. *See id.* at 1227. Moreover, the Court explained that the Louisiana statute "should be stringently enforced and construed against the violator of any of its sections pursuant to a literal interpretation of the statute." *Id.* at 1230. Thus, Louisiana finds federal law instructive when interpreting its wiretap statute but adheres to a literal interpretation of the terms of the statute.

Other states that have enacted wiretapping statutes have determined that they do not contain interspousal exceptions. *See Markham v. Markham,* 272 So.2d 813 (Fla.1973); *Ransom v. Ransom,* 253 Ga. 656, 324 S.E.2d 437 (1985); *Standiford v. Standiford,* 89 Md.App. 326, 598 A.2d 495 (Ct.Spec.App.1991). Florida and Georgia have held that their statutory language does not provide an exception for spouses. *See Markham,* 272 So.2d at 814; *Ransom,* 324 S.E.2d at 438. Maryland has also found no exemption for spouses because the statute created no explicit exception. *See Standiford,* 598 A.2d at 499–500. In addition, states have concluded that the doctrine of interspousal tort immunity does not apply to interspousal wiretapping. *See Burgess v. Burgess,* 447 So.2d 220, 223 (Fla.1984 ).

In making its Erie guess, this Court finds that Louisiana's Electronic Surveillance Act does not create an interspousal exception. Louisiana courts interpret the statute literally and look to federal case law to analyze provisions similar to the Omnibus Act. The majority of precedent from federal and other state courts has found no interspousal exception for wiretapping. Defendant offers no support other than the discredited *Simpson* to imply that Louisiana would interpret its statute

differently from the majority of states. Therefore, because of the plain-meaning of the Electronic Surveillance Act and the defendant's failure to raise a genuine issue of material fact as to his liability, plaintiffs are entitled to summary judgment on their state law claims.[2]

## III. CONCLUSION

For the foregoing reasons, the motion for summary judgment by defendant Franco is GRANTED as to Kirkland's claim under the Federal Omnibus Crime Control and Safe Streets Act and that claim is dismissed. Franco's motion for summary judgment is DENIED as to Jones' claim under the Federal Omnibus Crime Control and Safe Streets Act and also DENIED as to both Kirkland's and Jones' claims under Louisiana's Electronic Surveillance Act.

The motion for summary judgment by plaintiff Kirkland is DENIED as to her claim under the Federal Omnibus Crime Control and Safe Streets Act. The motion for summary judgment by Jones' under the Federal Omnibus Crime Control and Safe Streets Act is GRANTED. Additionally, the motions of both Kirkland and Jones' for summary judgment under Louisiana's Electronic Surveillance Act is GRANTED.

---

**2.** No issue of interspousal immunity exists as to Jones' claim under Louisiana law. Because Franco again fails to rebut her claims,

Jones also raises an appropriate motion for summary judgment.